HIRAM T. ADAMS *v.* JOHN L. TORRY'S EXECUTORS.

Where T. expressed his desire to pay certain claims presented to him when he should be able, but the witness had no recollection that, during the conversation, he had the claims with him, or that he exhibited or presented them to T. *Held*, that this was not such an acknowledgment within the meaning of the statute, as to take them out of the bar of the statute of limitations if previously barred.

*Thornton* v. *Crisp*, 14 S. & M. 52, and *Bacon* v. *Foute*, 24 Miss. R. cited and confirmed.

An infant is allowed by the statute of 1822, (Hutch. Co. 825,) the same period of time after coming of age to institute his action as if the action had accrued at the time of his coming of age.

An assignment of a claim passes to the assignee all the rights attached to it in the hands of the assignor.

ON an appeal from the probate court of Claiborne county; Hon. James A. Maxwell, judge of the probate court of Claiborne county.

The estate of John L. Torry was reported and declared insolvent, in the probate court of Claiborne county, on the 30th October, 1850.

At the May term, 1851, the clerk reported a list of the claims presented to him, against said estate. The following claims were presented by Adams, who claimed to be the owner of them.

May 15, 1841.

Due Samuel Walker, guardian of Francis Harmon, $100 for rent of house in Grand Gulf, value received,

Torry & Brenham.

Messrs. Torry & Brenham, to estate of John Harmon, deceased,                                    Dr.

December 7, 1840. To two months rent of office up to the 17th December, 1840, at $25, . . . . . . . $50.

Grand Gulf, Mississippi, April 19, 1842.

Due Samuel Walker, guardian of Francis Harmon, (ward), $140, for value received on rent of house in Grand Gulf,

John L. Torry.

May 15, 1841.

Due J. J. Williams, administrator of John Harmon, deceased, $50 for rent of house in Grand Gulf, value received,

Torry & Brenham.

These claims were probated and allowed, or "examined and allowed" by the court, but no probate is shown, on the 30th January, 1850.

On the 30th of April, 1851, they were filed with the clerk as commissioner of insolvency, for allowance as claims against the estate of said John L. Torry.

The executors filed exceptions before the court to the allowance of these claims, because they were not supported by any proof, and because they were all barred by the statute of limitations before they were filed, as claims against the said estate; and, at the October term, 1851, the exceptions were sustained, and the claims disallowed.

The bill of exceptions shows that proof was made of the loss of the original claims, and that they had been assigned to

Adams for value.   Claimant also proved by Ellett, that he was
the guardian of Francis Harmon, from December, 1844, to
September 27, 1847 ; and, during all that time had the claims
in controversy in his possession ; and in September, 1847, de-
livered them to Francis Harmon.   That, some time in 1845,
and also late in the summer of 1847, said guardian called on
said Torry in relation to said claims, and talked with him
about them.   The claims were mentioned in the conversation;
said Torry did not deny their correctness, but admitted them
to be just, and expressed his desire to pay them when he should
be able, or have the money.   Witness had no recollection that
he had the notes and accounts with him at the time of said con-
versations, and had no recollection that he exhibited them, or
showed them to said Torry, but the very notes and accounts in
controversy in this suit, were those about which said conver-
sations took place.   It was also shown that the estate of said
John L. Torry was declared insolvent, October 30, 1850.

From the decision of the court, Adams prayed an appeal to
this court.

*H. T. Ellett* for appellee.

The question in this case, in truth, is already settled by ad-
judication.   Two cases have been decided upon the construc-
tion of this section.   In *Westbrook* v. *Beverly*, 11 S. & M. 419,
the question was as to the sufficiency of the proof to establish
an acknowledgment under this act; and the court required
greater strictness of proof than would have been necessary under
the old rule.   *Thornton* v. *Crisp*, 14 S. & M. 52, is directly in
point.   There an order was presented for the amount of a doc-
tor's bill.   The bill itself was not presented, but was the subject
of conversation.   The " very claim" was spoken of, and the
defendant said he thought the bill was high, and he had not
the money to pay it, but would see plaintiff himself and settle.
The court say: " There is no promise in writing; and the
' claim sued on,' a medical account, was not presented to the
defendant.   The order was an entirely different thing."

Now, in that case, the attention of the defendant was called
to the " claim sued on" by the presentment of a written order

for the amount, and the actual claim was spoken of, and the defendant promised to see the plaintiff and settle it; yet it was held not to be a sufficient presentment. The present case is not so strong against the defendant; for here nothing was presented in writing to identify the claim, or show the amount, but there was only a conversation on the subject. In principle, however, the two cases are the same.

We might also insist, that under the language of this proviso, it is required that the plaintiff should show that the promise was expressly made to save the bar, that is, with the intention and for the purpose of saving the bar. Such appears to be the plain meaning of the words used.

*George V. Moody* for appellant.

The estate was declared insolvent 28 October, 1850, when the act of limitations ceased to run against the claim. 3 Cushm. 624. So that six years had not elapsed from the majority of Harmon until the time when the running of the limitation was stopped. These causes of action are embraced in the 7th section of the limitation act of 1822 (Hutch. Code, 825), as this court has decided in the cases reported in 1 Cushm. 48, and in 2 Ib. 467, &c. Harmon assigned the claims for value to H. T. Adams, appellant, who of course took by assignment all the rights of the assignor. The proof of the validity of the claims was ample. Ellett proves that he had them in his possession as guardian, and that while so in his custody, the decedent, John L. Torry, acknowledged their justness, and promised to pay them. *Waul* v. *Kirkman*, 3 Cushm. 620. The claims were also proven and allowed by the probate court. It is clear, then, that two of the claims due the minor heirs were not barred by the statute of limitations.

The other two claims, it is insisted, were not barred, because the acknowledgment of Torry, and the proof of presentment to him, is sufficient to take them out of the statute. The case of *Bacon* v. *Foute*, 2 Cushm. 165, seems to militate against this position; but it is insisted that the point here made was not before the court, and the decision of the court in that case is a mere *obiter dictum.*

Mr. Justice HANDY delivered the opinion of the court.

The estate of John L. Torry having been declared insolvent in the probate court in October, 1850, the appellant, as the assignee of one Harmon, a creditor of the estate, filed with the commissioner of insolvency four claims against the estate, namely, two promissory notes of the testator, payable to Samuel Walker, guardian of Francis Harmon, one dated 15th May, 1841, and the other dated 19th April, 1842, each due at their respective dates; an open account, dated 7th December, 1840, due by testator to "the estate of John Harmon;" and a note executed by the testator, dated 15th May, 1841, payable, at its date, "to J. J. Williams, administrator of John Harmon, deceased." These claims, having been allowed by the commissioner, upon exceptions taken, were disallowed by the probate court, upon the ground taken by the executors, that they were barred by the statute of limitations. And from this order, the present appeal is taken.

The appellant relies on an acknowledgment of the testator to take the claims out of the statute. This acknowledgment was to the following effect. It appears that the guardian of Francis Harmon, who had possession of these claims from 1844 to 1847, called on the deceased in relation to them in the year 1845, and also in the summer of 1847, and mentioned the claims. Torry admitted them to be just, and expressed his desire to pay them when he should be able; but the witness had no recollection that, during that conversation, he had the claims with him, or that he exhibited or presented them to the deceased; but he stated that the claims in controversy in this suit were those about which the conversation took place.

It is urged, in behalf of the appellant, that this evidence shows a sufficient acknowledgment to prevent the operation of the statute, and that no actual presentation of the claims was required by the 16th section of the act of 1844, Hutch. Code, 832. This question has been expressly decided in two cases by this court, *Thornton* v. *Crisp*, 14 S. & M. 52, and *Bacon* v. *Foute*, 24 Miss. R. 156; and we see no reason for changing the exposition thereby given to this statute. It is manifest that the legislature intended that, in order to prevent the operation

of the statute, there should be either a "promise or acknowl-edgment in writing, signed by the party to be charged thereby," or proof "that the very claim sued on was presented and ac-knowledged to be due and unpaid;" for such are the positive terms of the act. The words "presentation of the very claim," clearly show that the acknowledgment was required to be made under such circumstances as that the claim acknowl-edged could not be misunderstood; that it should speak for itself as to its character, and should not depend, in that respect, upon the uncertain memory of witnesses. It was intended that the demand, in the form and of the tenor in which it was made, should be shown to the party, so that he might have knowledge of it and act understandingly in reference to it, and that witnesses might be able to say whether it was that very claim which he acknowledged to be due; and doubtless, this provision of the statute had its origin in the same purpose which gave rise to the recent English statute known as Lord Tenterden's Act, a determination to put an end, as far as might be, to the judicial refinements and constructive exceptions which had so much perverted the spirit of statutes of limita-tions, and rendered them uncertain and impracticable. Here, the language and the intention of the legislature are alike plain, and we have but to carry it out. We think the court below acted properly in holding the open account, and the note to Williams, administrator of John Harmon, as barred by the statute.

But the two notes payable to Samuel Walker, guardian of Francis Harmon, depend upon a different principle.

It appears from the record, that Ellett was guardian of Francis Harmon, in the place of Walker, from 1844 to 27th September, 1847, at which time he delivered over these claims to the ward. It is not distinctly stated that the ward then be-came of age, but it is to be presumed that he became of age at or near that time. Under the provisions of the 7th section of the statute of 1822 (Hutch. Code, 825), the infant was al-lowed the same period of time after coming of age, to institute his action, as if the action had accrued at the time of his com-ing of age. This gave to the ward six years from the period

of his majority to bring his action; so that if he came to his majority at any time in the year 1847, or even in the year 1846, these claims were not barred in April, 1851, when they were filed for allowance with the commissioner. Such was the condition of the claims when they were assigned by Harmon to Adams, and the assignment passed to Adams all the rights attached to them in the hands of Harmon. We think, therefore, that the court erred in holding that these two claims were barred; and for this error, the judgment is reversed, the exceptions as to these two claims disallowed, and the case remanded.