JOHN G. BRODY, Plaintiff in Error, *v.* JAMES W. DOHERTY, Administrator, &c., Defendant in Error.

1. STATUTE OF LIMITATIONS: PRESENTMENT.—In order to take a claim out of the bar of the Statute of Limitations, it is not necessary that it be actually presented to the view of the debtor: it is sufficient if the identical claim sued on, be present at the time of the acknowledgment and promise, and ready to be exhibited if required, and so distinctly and clearly presented to the *mind* of the debtor, that he recognizes it without possibility of mistake as to identity. *Adams* v. *Terry*, 26 Miss. 504.

2. SAME: PROMISE TO SAVE THE BAR.—A promise to "settle" the claim at a future day, accompanied by an acknowledgment of its justice, is a promise to pay it, within the meaning of the Statute of Limitations.

IN error to the Circuit Court of Tallahatchie county. Hon. Wm. L. Harris, judge.

On the 24th day of April, 1854, the defendant in error, as administrator of one James Doherty, deceased, sued the plaintiff in error, upon a bill single for $750, due on the first day of November, A. D. 1842, and recovered judgment in said court for the full amount of said bill and interest.  A motion for a new trial was made, but overruled ; to which a bill of exceptions was taken, and a writ of error sued out to this court.

The pleading and evidence are set out in the opinion of the court.   It is only necessary here to insert the instructions given, and refused by the court below.   On behalf of the plaintiff in the court below, the following instruction was given :—

1. " That the actual presentation of the identical claim sued on, by the actual exhibition of the note to defendant, is not necessary ; but if the jury believe, from the evidence, that the note sued on, was fully presented to defendant's mind, and knowledge of the claim sued on, was brought home to defendant in this manner, and that upon that presentation to his mind, he promised to pay it, they must find for plaintiff."

2. " That a presentation to the mind, through the medium of the senses, other than the eye, is a good presentation, within the meaning of the statute."

The defendant asked for the following instruction :—

" That if the jury believed from the evidence, that when the note sued on was brought to the knowledge of defendant, and he made the promise relied on by plaintiff, said note was barred by the Statute of Limitations of seven years, then to remove the bar of the statute, a promise in writing must be proved, and without such written promise they must find for defendant."

Which the court refused to give.

The defendant then asked the following :—

" To make a parol promise sufficient to take a case out of the Statute of Limitations, or to prevent the bar of the statute, the very claim sued on must be presented ; and if such claim was not presented or exhibited to defendant, a parol promise to pay it will not bind him. "

Which the court refused to give as it was, but gave it with the

explanation in reference to the presentment, included in the instructions for plaintiff.

*D. Shelton*, for plaintiff in error,

Cited and commented on the following authorities :—

1. That the promise was not sufficient.    5 S. & M. 564 ; 11 Ib. 419.

2. There was no presentment.    Hutch. Code, 832.

*I. M. Henry*, for defendant in error,

Argued the case orally, and filed an elaborate written argument, reviewing the testimony, and cited and commented in the following authorities. *Davidson* v. *Morris*, 5 S. & M. 364 ; *Crisp* v. *Thornton*, 14 Ib. 52 ; *Adams* v. *Terry*, 26 Miss. R. 499 ; How. & Hutch. Code, 413.

HANDY, J., delivered the opinion of the court.

This was an action brought by the defendant in error against the plaintiff, to recover the amount of a bill single executed by the latter, and payable to the intestate of the defendant in error.

The defendant below pleaded the Statute of Limitations of seven years ; to which the plaintiff replied an acknowledgment by the defendant that the debt was due and unpaid, and a promise to pay it, within seven years before the institution of the suit ; and upon this issue the case was tried.

In support of the issue on the part of the plaintiff, a witness was introduced, who stated, that in September or October, 1853, he called on the defendant to pay the note, and the defendant said that he remembered the note well, and had expected the witness to call upon him before with the note, and was surprised that he had not done so, and also stated what the note was given for. Witness had the note with him at the time, in his pocket, but thinks he did not take it out.    The witness mentioned the amount and date of the note, and the defendant fully recognized the identical note sued on, but said he had bought a judgment against plaintiff's intestate, which he kept as a set-off against the note. When asked at the time, by witness, to show him the transcript of

the judgment, he excused himself, by saying that it was not convenient for him to find it, as it was among his papers.   Witness staid all night at defendant's house, and next morning asked him to show him the judgment.  He declined again, and said the truth was, that he had a plenty of property, but no money; but that he was going to Tennessee next spring, and that he would call then upon witness and settle the note, as he would have a plenty of money.   He further stated, that he had told the defendant the evening before, that if he had set-offs, and they were legal, he would allow them; that the defendant asked the witness if he had the note with him, and promised to settle it, as above stated; that he never presented any set-off, and has never paid the note; and that there was no other note in existence between the parties.

The question for consideration is, whether this testimony shows a sufficient acknowledgment or promise to pay the debt, to take the case out of the bar of the statute.   The case is different from any heretofore before this court in its circumstances, and it presents the question, whether any other presentation of a note than the actual exhibition of it to the view of the party sought to be charged, accompanied by a promise to pay it, will be sufficient to prevent the bar of the statute.

In *Adams* v. *Terry*, 26 Miss. 504, the rule is thus stated by this court: "The words 'presentation of the very claim,' clearly show that the acknowledgment was required to be made under such circumstances, as that the claim acknowledged could not be misunderstood."   It was intended that the demand, in the form and of the tenor in which it was made, should be shown to the party, so that he might have knowledge of it, and act understandingly in reference to it, and that witnesses might be able to say whether it was that very claim which he acknowledged to be due.

Under this rule, it is necessary that the claim should be present when the promise or acknowledgment is made, and that the promise should be made with a full knowledge of that fact and of the identity of the claim; for otherwise it would be doing violence to the language of the statute, to hold that the claim had been "presented."   But is it necessary that it should be actually exhibited for the inspection of the party, when he is informed, and the fact

is, that the person demanding payment has the note present at the time, and he has full knowledge of its contents, and thereupon promises to pay it? We think not. He is apprised of the presence of the claim, and has the same opportunity to demand an inspection of it, as if it were shown to him in such manner that he could not read it, which would doubtless satisfy the language of the statute. By promising to pay a claim so presented, he waives the production of it, and acknowledges its identity. It is analogous to a tender, in which, though the money is required to be produced and exhibited to the party to whom it is tendered, yet this may be waived, by a refusal to accept it when it is proposed to be paid, and this will be a good tender.

In this case the note was present when the demand and promise were made, and the defendant was apprised of it, and of the date and amount of the note; that being the only note between the parties. There was, therefore, no possibility of mistake, either by the defendant or the witness, in relation to the debt, and the case cannot be within the evils intended to be prevented by the statute.

Was the promise or acknowledgment of the defendant, then, sufficient to save the bar?

It appears, that at first the defendant claimed to have a set-off against the claim, but upon being urged to produce it, he stated that the truth was, he had not the money to pay it then, but that he would call and settle it the next spring, as he would then have plenty of money. This is a plain admission that he had no set-off against the claim, and an acknowledgment of its justness. He could not, therefore, have meant by the term "settle," that he would pay the debt by means of a set-off. On the contrary, he said that he would settle it in the spring, when he would have plenty of money, which is capable of no other just understanding than that he would settle it with the money which he would then have; which is nothing less in substance, than a promise to pay it in the spring.

The instructions granted by the court below, and the judgment rendered, are in accordance with the foregoing views, and the judgment is affirmed.