SHACKLEFORD and SANDERS, Adm'rs, Plaintiffs in Error, *v.* HENRY L. DOUGLASS.

1. STATUTE OF LIMITATIONS: PLEADING.—Where a subsequent promise is relied upon to save the bar of the Statute of Limitations, it is proper to declare upon the original contract, and not upon the new promise, if it were made before the statutory bar had attached; the rule *may* be different in cases where the bar had already attached when the promise was made.

2. SAME.—*It seems* that a new promise, made before the bar had attached, may be given in evidence to take a claim out of the operation of the Statute of Limitations, without being specially pleaded in the replication to the answer of the defendant setting up the statutory bar; and if such evidence be admitted without objection on that account, in the court below, the error, if any, will not be material in this court.

3. SAME: NEW PROMISE.—The acknowledgment by the debtor of the justice of the debt sued on, if made before the bar of the Statute of Limitations had attached, is sufficient to prevent the bar, without an express promise to pay it.

4. SAME.—No promise or acknowledgment is sufficient to save the bar of the Statute of Limitations, unless it be in writing, or unless the identical claim sued on was presented to the debtor at the time the promise or acknowledgment was made.

IN error from the Circuit Court of Madison county. Hon. E. G. Henry, judge.

The pleadings are sufficiently stated in the opinion of the court. The evidence introduced by the plaintiff to establish a subsequent promise, to save the bar of the Statute of Limitations, is as follows: Robert J. Hall, stated, "that in the summer of 1850, he called on Norvall Douglass, one of the makers of the note or bond sued on, at the instance of Patsey S. Hall, his mother, and demanded payment of the same; that then and there the said Douglass stated that he would pay said note, and that it was a just debt against him."

There was a verdict and judgment for plaintiff. The defendants moved for a new trial, which being overruled, they tendered their bill of exceptions, and sued out this writ of error.

*H. A. H. Lawson,* for plaintiffs in error.

1. It was error to admit the testimony of witness Hall, upon the issue joined. The plaintiff, if he would avoid the bar, should have replied specially the new promise within the period limited. 2 Greenl. Ev. 409, 431, 416, 440. Many of the authorities hold, that the plaintiff should declare on the new promise, and not rely upon it by way of replication. *Reigne* v. *Desports,* Dudley, Law & Eq. R. 118; *Martin's Adm'r* v. *Brooch's Ex'r,* 6 Geo. R. 21; *Ringold and Hewson* v. *Dunn,* 3 English, (Ark.) R. 497; *Coles* v. *Kelvy,* 2 Texas, R. 541. See also, Angel on Lim. 249.

2. The testimony should have been excluded, because the promise was made to Mr. Hall, a stranger to the record. Where suit is brought by an executor or administrator on a contract made with the decedent, and the Statute of Limitations is pleaded, it is incompetent for the plaintiff to give in evidence a promise made to himself, to take the case out of the bar. 2 M'Cord, 212; *Green* v. *Crane,* 2 Lord Raym. R. 1101; 1 Eng. C. L. R. 359; 5 Binney, 573; 13 Eng. C. L. R. 273; and the analogy seems to be clear between that class of cases and the one at bar.

3. A new trial should have been granted; the testimony of witness Hall was not sufficient to sustain the verdict. There was no proof that he had the note with him or presented it to Douglass when the promise was made. This was absolutely essential.

*T. C. Tupper,* for the defendant in error,

Insisted that the evidence was properly admissible under the issue, and in support of this position he reviewed the cases relied on by Mr. Lawson, and cited the following authorities. 2 Burrows, R. 1099; 16 East, 420; 3 Metcalf, 439; 11 Johns. R. 148; 5 Binney, 573; 8 Humph. 686; 1 Harring. 204. He also contended that the evidence was sufficient to sustain the verdict. That the statement of the witness that he demanded payment, included and expressed the idea that he presented the note, as no demand of payment could be legally made without presentment. That the objection is now made for the first time, and ought not to be entertained by the court, since if it had been made in the court below, the witness might have stated the matter more distinctly.

Shackleford et al. *v.* Douglass.

Upon the first argument of the cause the following opinion was delivered by

FISHER, J.—This was an action in the Circuit Court of Madison county, founded upon a writing obligatory, executed by Norval Douglass and W. H. Crenshaw, payable to Henry S. Douglass, in trust for Mrs. Patsey S. Hall, for the sum of $1,760, and due the 8th day of April, 1838. The Statute of Limitations of seven years was relied on as a defence in the court below. The answer to the complaint avers, that the cause of action did not accrue to the plaintiff within seven years next before the commencement of the suit. The replication, in general terms, alleges that the cause of action did accrue within that time. Upon the trial, a witness was introduced by the plaintiff, and stated that, in the summer of 1850, he called on Norval Douglass, one of the makers of the instrument sued on, at the instance of Mrs. Hall, the beneficiary in the note, and demanded payment of the same; that Douglass then said that he would pay the said note, and that the same was a just debt. To the admission of which testimony, the counsel for the defendants below objected; but the court overruled the objection. This action of the court below presents the only question which we deem it necessary to consider.

It is, in the first place, said that the action should have been brought upon this new promise, and not upon the original contract. At the time the promise, or admission of the justice of the debt was made, the bar of the Statute of Limitations had not attached, and a promise to pay was therefore unnecessary, in the language of the statute, to save the bar. The mere acknowledgment, upon a presentation of the claim, that it was due and unpaid, was sufficient to stop the running of the statute. A different rule might, perhaps, prevail where the claim was barred at the time of the presentation. An express promise to pay might then be necessary; and it also might be necessary to bring the action upon such new promise. But where the effect of the promise or admission is merely to keep alive or to continue in full operation the contract, the action may, and, indeed, ought to be brought upon such contract, upon the plain principle that the suit is merely intended to compel the party to perform his contract; and by his acknowledg-

Shackleford et al. *v.* Douglass.

ment, he says that the claim presented is his contract; that it is still binding upon him, and is not performed. The object of the testimony was to establish these facts: that the party admitted at a particular time the instrument to be his contract, and that it was then due, and not performed. The plaintiff undertook to show by the evidence that the defendant's intestate undertook, or what was equivalent to it, to perform the very contract upon which the suit was brought.

It is next said that the plaintiff should have replied the new promise. The whole record shows that the evidence was not objected to on this ground in the court below, but on the ground that the action should have been brought upon the new promise. But it is by no means clear that a special replication was even necessary. The question was whether the cause of action had accrued within seven years next before the commencement of the suit; and the plaintiff, to sustain the issue on his part, introduced the witness to prove what the intestate had at a particular time acknowledged in regard to the cause of action; the effect which the law gave to such acknowledgment was to continue in full operation the cause of action.

Judgment affirmed.

A re-argument was asked for and granted, when the following opinion was delivered:—

PER CURIAM.—Upon re-argument of this case, the court is of opinion that the views of the case above presented are correct. But another objection is raised under the action of the court below overruling the motion for a new trial, on the ground that there was no evidence that when Douglass made the promise to pay the note, as stated by the witness, Hall, it was *presented* to him, within the meaning of the 16th section of the Act of 1844. Under the repeated decisions of this court that objection is well taken, and the judgment is therefore reversed, and the cause remanded for a new trial.

FISHER, J., dissented from this view of the case.