## JOHN D. REINHARDT, Adm'r, vs. J. HINES.

1. PRACTICE: *Account stated.*

The nature of an "account stated" is that the parties consider the claims, and strike a balance, after which the vouchers may be destroyed and the balance may not be disputed. It is an agreement by both parties that the items are true. The consideration of the promise is the stating of the account. It is not necessary to prove the items, as the action is not upon them, but upon the defendant's consent to the balance ascertained. It exists only where the accounts have been examined and the balance admitted as the true balance between the parties.

2. SAME: SAME: *Case in judgment.*

Where the defendant insisted that upon a fair settlement there would be nothing due from him to the plaintiff, and it was agreed between both parties that the "balance" might be ascertained by referees, to whom the matters of difference between them should be submitted; and the matters of difference stood thus unadjusted at the time the suit was brought, this utterly fails to show an "account stated."

ERROR to the Circuit Court of *Marshall* County.

Hon. ORLANDO DAVIS, Judge.

All the essential facts are stated in the opinion of the court.

It is assigned for error:

1. The court erroneously charged the jury on motion of plaintiff below.

2. The verdict is contrary to law and evidence.

*Watson & Watson*, for plaintiff in error:

The single question in the case is, Does the testimony establish the account sued on as an "account stated?" If not so established, the account is barred by the statute of limitations of six years. The cause of action, if any, accrued prior to January 1, 1868. The

testimony establishes these facts, that defendant insisted all the time, that upon a fair settlement, there would be nothing due to the plaintiff, and that both the parties had agreed to leave the matters of difference to arbitrators, and that it was unadjusted when the suit was brought, the arbitrators having disagreed.  The verdict is manifestly contrary to the law and the evidence.   Stebbins *v.* Niles, 25 Miss., 267 ; Bussey *v.* Gant, 10 Humph., 238 ; Stevens *v.* Tuller, 4 Mich., 387.

*Strickland & Fant,* for defendant in error :

The court instructed correctly.   The action was brought upon an "account stated."   See Stebbins *v.* Niles, 25 Miss., 268.  This being a question of fact for the jury, this court will not disturb the verdict unless manifestly wrong.   McAlexander *v.* Puryear, 48 Miss., 420 ; N. O., J. & G. N. R. R. Co. *v.* Field, 46 id., 573 ; Haber *v.* Lane, 45 id., 608 ; Head *v.* The State, 44 id., 731.   The second assignment of error is not well taken.  Upon a proper view of the case the testimony sustains the verdict.   The jury are the sole judges of the testimony, and their verdict should not be disturbed by this court unless the testimony is overwhelming, or so strongly antagonistic to the verdict as to do flagrant injustice to the parties, or so in conflict with the law of the case, as to invoke the interposition of the court.

SIMRALL, J., delivered the opinion of the court.

1. The declaration was upon an account stated, due by the intestate of the plaintiff in error to J. Hines.   The case was tried on the issues of nonassumpsit.

2. That the intestate, George Gorman, did not promise within three years before suit brought ; to which the plaintiff replied that the claim sued on was an account stated.

3. A plea of payment.

The case has been presented under these general heads :

1. Whether the plaintiff sustains his claim by sufficient testimony.

2. Whether the account is an "account stated," and not barred by the limitation of three years.

3. Whether the court expounded the law correctly to the jury.

The nature of an account stated is, that the parties consider the claims and strike a balance, after which the vouchers may be destroyed and the balance may not be disputed. Moy v. King, Bull. N. P., 120. It is an agreement by both parties that the items are true. The consideration of the promise is the stating of the account; therefore, such action will not be against an infant. Trueman v. Hurst, 1 T. R., 41, 42. It is not necessary to prove the items, for the action is not upon them, but upon the defendant's consent to the balance ascertained. 2 Greenl. Ev., § 127. In Stebbins v. Niles, 25 Miss., 348, it is said: "A stated account properly exists only where accounts have been examined and the balance admitted as the true balance between the parties." It is an agreement between both parties that the articles are true. Davis v. Tiernan & Co., 2 How. (Miss.), 804.

Let us turn, now, to the bill of exceptions, and see whether the testimony brings the case. The plaintiff introduced W. W. Brown, who says he went to see Maj. Gorman about the settlement of the account. He was very feeble—sick in bed; the account was produced; when the provisions and supplies were read over, Gorman laughed at the idea of Hines charging him for such things, as he was living in Gorman's house. "Gorman said Hines ought not to make him pay for the gates, as he had put them up as much for his own benefit as Gorman's." Gorman also said that he thought he had already settled for a portion of the account by credits on Hines' notes. Gorman made no other objection to the account. Then witness stated: "But he said that he did not believe he would owe Hines a cent upon a fair settlement." Witness further said "that it was agreed by Gorman and Hines that the matter might be arbitrated by Wormelle and himself. At the interview, Gorman produced a paper, purporting to be signed by Hines, dated December 6, 1867, reciting that he was about to leave the state, etc., and being indebted to George Gorman, he agreed to leave in his possession a certain crib of corn, containing about one hundred barrels, until he is paid, etc. Gorman also

exhibited the note of Hines, payable to George Gorman, for $237.50, dated March 13, 1867, due one day after date, and credited December 8, 1867, by $54.60, and June 4th by $20.50." Witness further said : " Gorman never admitted that he owed Hines the amount of the account, or any other amount." Other testimony was introduced by the plaintiff on the point that when Hines went to Texas, in the latter part of 1867 or the early part of 1868, he left some corn on Gorman's farm, which he rented in part in 1867, and then closed his case.

After Hines returned from Texas, in the fall of 1868, Walter Gorman, a witness for the defendant, states that he heard an angry conversation between Hines and Maj. Gorman, wherein Gorman threatened to attach Hines' horse for what he owed him, etc.

Gorman died January 1, 1869, having been very feeble for several months prior thereto.

The only comment that need be made upon this testimony is that it utterly fails to prove an account stated. Gorman insisted that, upon a fair settlement, nothing would be due Hines. That the " balance" might be ascertained, both parties consented that the matters of difference should be submitted to referees. The testimony leaves the dealings between the parties unadjusted. Indeed, it seems to us that a jury would be seriously perplexed to determine whether the testimony proved a large part of the articles, if the case had been left to them on the open itemized account.

It would follow that the claim sued upon would fall under the three years statute of limitations.

Suit was brought March 20, 1872. The statute had run against the plaintiff's cause of action a little over one year before Maj. Gorman's death, deducting nine months immediately preceding the appointment of his administrator, March 12, 1869, and more than the three years had elapsed before the suit was brought.

The verdict is not supported by the case made before the jury, and ought to be set aside, and a new trial granted.

It is unnecessary to review the instructions.

Judgment reversed and a *venire de novo* awarded.