HENRY M. FLOYD, EXTR., ETC. *v.* A. L. PEARCE.

LIMITATION OF ACTIONS. *New promise. Account stated.*
The verbal acknowledgment of an account's correctness, making it an
account stated, will not avoid the Statute of Limitations as applicable
to open accounts. *Code* 1871, § 2165. *Reinhardt* v. *Hines,* 51 Miss.
344, and *McCall* v. *Nave,* 52 Miss. 494, criticised.

ERROR to the Circuit Court of Warren County.
Hon. UPTON M. YOUNG, Judge.
*Adam & Speed,* for the plaintiff in error.
A verbal acknowledgment of the correctness of an exist-
ing account is sufficient to make an account stated, but, to
deprive the debtor of the benefit of the Statute of Limitations,
the acknowledgment must be written. In England the doc-
trine was first announced shortly after the passage of Lord
Tenterden's Act, which is the original of all the American
statutes on new promises, including Code 1871, § 2165, and it
is still followed in that country. *Williams* v. *Griffiths,* 2 Cr.
M. & R. 45; *Cottam* v. *Partridge,* 11 L. J. (N. S.) C. P. 161;
*Tarbuck* v. *Bispham,* 2 M. & W. 2; *Jones* v. *Ryder,* 4 M. &
W. 32. The statute applies as well to promises made before
as to those made after the debt is barred. *Chace* v. *Trafford,*
116 Mass. 529; *Weatherwax* v. *Cosumnes Valley Mill Co.,* 17
Cal. 344. There is no reason for a distinction. Angell on
Lim. § 274 ; Browne on Actions, 66, 84. The view taken in
*Reinhardt* v. *Hines,* 51 Miss. 344, that, to prevent loose plead-
ing, the suit must be brought as on a new contract, does not
affect the operation of the Statute of Limitations.
*A. M. Lea,* for the defendant in error.
The statute of 9 Geo. IV. ch. 14, the prototype of Code 1871,
§ 2165, applies to suits for the original debt, where evidence of
an acknowledgment is given to rebut the statutory limitation.
*Smith* v. *Forty,* 4 C. & P. 126. But the bar never accrued
against this demand, which, becoming an account stated within
three years of its date, had six more years to run. A stated
account may be verbal. *Anding* v. *Levy, ante,* 51; *Stebbins* v.
*Niles,* 25 Miss. 267, 348 ; *Willis* v. *Jernegan,* 2 Atk. 251. Its

effect is the same as if the debtor gave his note for the bal-ance. *Bass* v. *Bass*, 8 Pick. 187. It is an original demand, constituting a new and distinct cause of action. *Ashley* v. *Hill*, 6 Conn. 246; *White* v. *Campbell*, 25 Mich. 463. It is a new contract, of which the accounting is the consideration. *Trueman* v. *Hurst*, 1 T. R. 40. Formerly, it was conclusive as evidence, *Holmes* v. *D' Camp*, 1 Johns. 34; and the plaintiff need not now prove the original items. *Bartlett* v. *Emery*, 1 T. R. 42, *note*. The account stated is not barred under six years. *McCall* v. *Nave*, 52 Miss. 494. Notwithstanding Code 1871, § 2165, it is apparent that, in *Reinhardt* v. *Hines*, 51 Miss. 344, if the account stated had been sufficiently proved by parol, the statute would have been held not to apply.

CHALMERS, J., delivered the opinion of the court.

The plaintiff below (defendant in error) counted in his declaration upon an open account and upon an account stated. At the trial, he dismissed his first count, and relied solely upon the account stated. In support of it, he proved by one witness that he, the witness, had seen the account sued on presented to the defendant's testator in his lifetime, and by him admitted to be correct. The court instructed the jury that, if they believed this to be so, the case was governed as to the period of limitation by the six years' statute applicable to express contracts, and not by the three years' statute applicable to open accounts. Code 1871, § 2151. Was this correct? Is it true that previous to the act of Feb. 26, 1876 (Acts 1876, p. 252), by which the period of limitation as to open and stated accounts was made the same, an account which was undeniably an open one in its inception could by the parol acknowledgment of its correctness be so changed in its character as thenceforward to be subject to a different Statute of Limitations and be thereby prolonged for six years thereafter? Such was assumed to be the law, both by the court and by counsel, in *Reinhardt* v. *Hines*, 51 Miss. 344, and in *McCall* v. *Nave*, 52 Miss. 494, 498; though perhaps in neither case was the doctrine authoritatively settled, because in both there was a failure to establish the account stated.

Unquestionably a stated account is an express contract within

the meaning of Code 1871, § 2151, and therefore by the terms of that section barred in six and not in three years. Undoubtedly an open account may by parol acknowledgment be converted into an account stated. This would, in any suit upon it, dispense with the necessity of proof of the items comprising it, and in the absence of restrictive words elsewhere in the statute would change the period of limitation. Hence, whenever the question presented here has arisen in States which recognize parol acknowledgments of debts as available to take a cause of action out of the operation of the Statute of Limitations, it has always and properly been held that after the acknowledgment the statute governing stated accounts, and not that relating to open accounts, is to be applied.

But by our Code of 1871, § 2165, it is declared that " in actions of debt, assumpsit, or on the case, founded upon any contract, no acknowledgment or promise shall be evidence of a new or continuing contract, whereby to take any case out of the operation of the provisions of this chapter " (the chapter on limitations), " or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby." The period of limitation prescribed by the chapter as to open accounts is three years, and it is this limitation that the debtor is entitled to plead if there has been no acknowledgment. Does he lose this right by a parol acknowledgment? If so, has not the fact of such acknowl. ent been made evidence of a new or continuing contract whereby to take the case out of the operation of the chapter, and to deprive the party of the benefit of it? Suppose the three years' bar has fully attached before the acknowledgment is made. Clearly the parol acknowledgment cannot be used as evidence of a " new " contract whereby the extinct debt is revived. But the language of the statute is equally emphatic that it shall not be evidence of a " continuing " contract whereby it shall be prolonged. The acknowledgment will convert the open account into a stated one, and dispense with proof as to its several items, and authorize the plaintiff to count in his declaration upon the *insimul computassent* rather than upon a *quantum meruit* or *quantum valebat;* but it will not in any

manner stop, change, or affect the period of limitation, because this is plainly prohibited by the statute.

It will not do to say that it is a question of pleading, and that, where the suit is upon the open account and to a plea of the Statute of Limitations the defendant has replied the parol acknowledgment, the statute makes the replication demurrable, but that if suit is brought upon the account in that shape into which by the parol acknowledgment it has been transformed, to wit, upon a stated account, the statute does not apply. The statute is not one of pleading, but of evidence. It declares that the acknowledgment or promise shall not be evidence of a new or a continuing contract, which is the same thing as saying that it shall be utterly inoperative and null, so far as the period of limitation is concerned. To permit a creditor to sue upon the cause of action as an account stated, rather than as an open account, and thereby defeat a plea of the Statute of Limitations as applicable to the original debt, would be practically to override the statute and to sacrifice a substantial right of the defendant to ingenuity in pleading.

Express or implied contracts under § 2151 of the Code are barred in six, and open accounts in three, years. Stated accounts are express contracts; and if the original dealing between the parties was such as to create an account stated, it was governed by the six years' bar until the passage of the act of Feb. 26, 1876, by which it is now put upon the footing of an open account. But, if the original dealing was by open account, it is no more competent to affect the Statute of Limitations applicable to it by a parol promise than it would be by such promise to revive a liability which had become completely barred. A " continuing " liability by parol is as much prohibited by the statute as a " new " one.

The English statute of 9 Geo. IV. ch. 14, commonly known as Lord Tenterden's Act, is the basis of § 2165 of our Code, as of all the American statutes requiring acknowledgments of old debts to be in writing to avoid the Statute of Limitations. From the adoption of that statute, the English rulings have been uniform, that the transformation of an open into a stated account does not affect the running of the statute. *Wil-*

*liams* v. *Griffiths*, 2 Cr. M. & R. 45 ; *Tarbuck* v. *Bispham*, 2 M. & W. 2 ; *Jones* v. *Ryder*, 4 M. & W. 32. We find only two American cases in which the point is directly presented, namely, *Chace* v. *Trafford*, 116 Mass. 529, and *Weatherwax* v. *Cosumnes Valley Mill Co.*, 17 Cal. 344 ; and in both the doctrine here announced is declared. In *Chace* v. *Trafford* the argument was presented and distinctly repudiated, in a well-considered opinion, that the effect would be different where the pleader declared upon an account stated. It will of course be understood that the acknowledgment or new promise in the case at bar occurred before the adoption of the act of Feb. 26, 1876. The instructions of the court below not being in accordance with these views, the cause must be

*Reversed and remanded.*