## R. M. CLARK v. W. W. MARBOURG.

1. ACCOUNT, *as Evidence.* An account rendered is only *prima facie* evidence against the party making it.

2. RECEIPT; *Mistake; Correction.* A party who has given a receipt admitting payment in full has the right always to show by parol evidence that it was given by mistake, and that it was untrue.

3. SETTLEMENT; *Receipt; Evidence under General Denial.* Where there has been no mutual examination of an account consisting of many items, and the creditor notifies the debtor of a round sum being due thereon, which, by the mistake of the creditor, is much smaller than the actual balance due, and the debtor gives his note for such balance, and receives in return a receipt in full, *held,* that the creditor may bring his action upon the original account, and if the debtor as a defense answers and attempts to prove an account stated and settled, the creditor may show under a reply containing a general denial, that there has been no adjustment or settlement of the items of the account between him and the debtor; that the receipt was given by him to the debtor through mistake, and that the debtor is entitled to credit for only the amount of the note given by him.

4. ATTACHMENT; *Garnishment; Practice.* In pleading a pending attachment or garnishment as a defense, the defendant should show whether the whole, or what portion of the debt, has been attached or garnished.

*Error from McPherson District Court.*

ACTION by *W. W. Marbourg* against *R. M. Clark* and *John F. Appleby,* as partners, doing business under the firm-name and style of R. M. Clark & Co., brought February 15, 1883, in the district court of McPherson county, to recover $1,467.58, together with interest thereon from September 22, 1882. The petition, among other things, alleged that on September 22, 1882, R. M. Clark & Co. were indebted to the Western Hardware Co. in the sum of $1,467.58 for merchandise before that time sold to them by said hardware company, and that the plaintiff Marbourg was assignee for value of such indebtedness. The separate answer of R. M. Clark was, first, a general denial; second, that after such indebtedness contracted prior to September 1, 1882, the defendant and the hardware company

had an accounting and settlement, and there was found to be due from them to the company the sum of $539.22, which sum, on September 22, 1882, was paid, and upon such payment the company gave a receipt in full of all indebtedness up to September 1, 1882. As to the remainder of said indebtness, the answer alleged that after the date to which such settlement and accounting were made, they purchased other merchandise from the hardware company, to the amount of $476.36; that the sum had not been paid, because on different days between October 11th and 17th, 1882, the defendants were garnished by various persons having actions pending against the company, and required to answer in the district court of Atchison county, Kansas, in respect to such indebtedness; and that they had, as required, answered in all said cases that they were indebted to the company in the sum of $476.36; that they have not been discharged as such garnishees, and they never had any notice of the assignment of their indebtedness to the plaintiff. To this answer, a reply was filed, containing, first, a general denial; second, that if there was an accounting and settlement and full receipt given, as defendant claimed, such settlement was made and such receipt executed without the knowledge, consent or authority of the hardware company, and defendant knew he owed more than the amount covered by such receipt. The reply further alleged that all the cases in which the defendants were garnished had been disposed of, and that they were discharged from liability as such garnishees. Trial had before the court without a jury, at the October Term for 1883. The court made a general finding in favor of the plaintiff and against the defendant, and entered judgment for the plaintiff in the sum of $1,542.74, together with costs. The defendant excepted, and brings the case here.

*Doster & Bogle,* for plaintiff in error.

*Barker & Pancoast,* and *J. D. Milliken,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is alleged on the part of plaintiff in error, defendant below, that the only issuable fact in this case under the pleadings regarding the indebtedness sued for up to September 1, 1882, was, had there been an accounting between the parties, an agreement as to the amount due, the payment of such amount, and the execution thereupon of a receipt in full? Upon this theory, it is urged that the defendant in error, plaintiff below, was not entitled to recover upon the account, and that the admission of any evidence tending to show errors or mistakes in the books of account was incompetent and irrelevant.

As the defendant's answer contained a general denial, it was incumbent upon the plaintiff, first, to prove the indebtedness alleged in his petition, and to do this it was proper for him not only to show that the goods and merchandise sued for were ordered and delivered to the defendant, but to explain the charges in the original books of account kept by the Western Hardware Company.

The burden of the proof was upon the defendant below to establish the settlement of the account between himself and the hardware company. There was evidence for and against. The court found against the defendant, and we think there was evidence sufficient to sustain the finding. It is urged, however, that the evidence adduced before the trial court showed conclusively the account between the parties had been stated; that the balance found due upon settlement had been paid, and that a receipt had been given in full. To support this, it is asserted that there was a dispute between the hardware company and defendant as to the amount due up to September 1, 1882; that about the last of August or the first of September, 1882, the company sent Mr. Schlicter, its traveling salesman, to defendant for the purpose of checking up and settling the account; that it was then agreed between the salesman and defendant that the account was incorrect; that defendant told Schlicter he was willing to pay $639.22 as a

settlement of the account; that Schlicter left without making a settlement, admitting that the account was incorrect; that defendant then sent to the hardware company $100, and in a few days thereafter received from the company the following statement:

"ATCHISON, KAS., Sept. 18, 1882.

MESSRS. R. M. CLARK & CO., McPHERSON, KAS.,

*In account with Western Hardware Co., 516 and 518 Commercial St.*

| | | | | |
|---|---|---|---|---|
| Sept. 5—Mdse .........Oct. 5................................ | $11 | 50 |
| " 5— " .........Nov. 5................................ | 390 | 17 |
| " 8— " ......... " 8................................ | 18 | 87 |
| " 16— " ......... " 16................................ | 13 | 10 |

Bal. statement ren'd....................................$433 64
539 22
_____
$972 86

"FRIEND CLARK: We are fearful hard up. I send you two notes, which you can fill up for amount at 60 and 90, if you wish, or take off 20 per cent. and remit if you can. Do this at once. Yours,    MARBOURG."

That defendant at once returned his note for $539.22, inclosed in the following letter:

"McPHERSON, KAS., Sept. 19, 1882.

"*Western Hardware Company, Atchison, Kas.*—GENTS: According to request, we send note for $539.22, to bal. acct. in full Sept. 1st. Please acknowledge the same, and oblige,
Yours truly,    R. M. CLARK & CO."

And that on Sept. 22, 1882, the company returned the following answer thereto:

"*Messrs. R. M. Clark & Co., McPherson, Kas.*—GENTS: Yours of the 19th received, with note for $539.22, and we place same to your acct. in full to Sept. 1, '82. Please accept our thanks.    Yours truly,
WESTERN HDW. CO.
RINGO."

The trial court was the judge of the credibility of the witnesses and the weight of the evidence; and with the finding of the court against the defendant, we may assume that the evidence did not show that Schlicter visited defendant to check up and settle the account about the last of August or the first of September. The evidence of plaintiff below was that

Schlicter left the employ of the hardware company August 1, 1882. His conversation with defendant must have been prior to that date, if he had anything to do with examining or settling the account while in the employ of that company. It appears, however, that the defendant ordered and received goods from the company between August 1, 1882, and September 1, 1882. Therefore there was no checking up or settling of the account of that month. This also shows that there was no examination or settlement of the account between Schlicter and defendant up to September 1, 1882. Again, after the erroneous charge against the defendant of $338.12 and the erroneous credits of $933.22 and $51 in favor of defendant were corrected upon the account books of the company, there was no dispute as to the balance of the account up to September 1, 1882. The account subsequent to that date was admitted in the answer to be correct. All of this tends to show that the defendant did not understand he was owing only $639.22 the last of August, 1882, and clearly shows that there was no account stated, settled, adjusted or compromised between the defendant and Schlicter in August, 1882, or subsequently. We do not consider the evidence, that a person who had been an agent of the company on or about the 25th of September, 1882, informed the defendant "that the account was settled up to September 1, 1882, and that the books showed it," of any importance, because prior to that time the company had made an assignment, and such person was therefore not at said time the agent or representative of the company. Moreover, the books of account of the company show that this statement was untrue.

An account stated is an account which has been examined and accepted by the parties.

"In stating an account, two things are necessary: First, that there be a mutual examination of the claims of each other by the parties; and second, that there be a mutual agreement between them as to the correctness of the allowance and disallowance of the respective claims and of the balance, as it is struck upon the final adjustment of the whole account and de-

mands on both sides.   The minds of the parties must meet
upon the allowance of each item or claim allowed, and upon
the disallowance of each item or claim rejected.  They must
mutually concur upon the final adjustment, and nothing short
of this in substance will fix and adjust their respective demands
as an account stated; but in proving an account stated, it is
not necessary to show an express examination of the respective
demands or claims of the parties, or an express agreement to
the final adjustment.   All this may be implied from circum-
stances.   If the evidence shows, however, that either of the
parties did not understand that there had been any final ad-
justment of their respective demands between them, the courts
are not to decree an adjustment between them contrary to their
own understanding in the matter." (*Lockwood v. Thorne,* 18
N. Y. 285; *Williams v. Glenny,* 16 id. 389; *Reinhardt v. Hines,*
51 Miss. 344; 6 Wait's Actions and Defenses, 424.)

In the case before us, there was no mutual examination of
the account of the hardware company up to September 1,
1882, by the company and the defendant, or by the plaintiff
and defendant, other than that when the erroneous charge
and credits were discovered they were corrected, thus leaving
the parties to understand the actual amount due from the de-
fendant.   In transmitting to the defendant, on September 18,
1882, a statement of his account, the company erroneously made
the balance prior to September 5, 1882, $539.22 ; and on Sep-
tember 22, 1882, the bookkeeper of the company by mistake
acknowledged the receipt of defendant's note of $539.22 in
full of the account to September 1, 1882.   Subsequently the
defendant was informed of the actual condition of his account,
and while the letters of the company raise an inference that
there had been an account stated and settled between the par-
ties, the evidence in the case clearly rebuts such inference, and
shows that, under the circumstances of the case, there was no
account stated between the parties, and that the account sued
on was due at the commencement of this action.   It cannot
be claimed that the balance rendered September 18, 1882, was
correct, and if the evidence of plaintiff be accepted, the de-
fendant must have known at the time he transmitted his note
of September 19, 1882, that his account up to September 1,.

1882, was largely in excess of $539.22. It is the rule that an account rendered is only *prima facie* evidence against the party making it, but does not estop him from showing the truth; and an account rendered, therefore, may be impeached or corrected within a reasonable time. Should the balance claimed upon an account be actually paid, the account would still be open to correction in the same manner, and the party who has given a receipt admitting payment has the right always to show by oral evidence that it was given by mistake, and that it was untrue; and he has the right to show how and why he gave the receipt. (*Bridge Co. v. Murphy*, 13 Kas. 35, 40; *Stout v. Hyatt*, 13 id. 233, 242, 243; *Champion v. Joslyn*, 44 N. Y. 653; *Spangler v. Springer*, 22 Pa. St. 454.)

Passing to the other branch of the case, we find that the answer alleged that as to the purchases made subsequent to September 1, 1882, by the defendant, of the amount of $476.36, the same had not been paid, because on different days between October 11th and 17th, 1882, the defendant was garnished by various parties having actions pending against the hardware company, and required to answer in the district court of Atchison county in respect to such indebtedness; that he answered in all said cases setting forth he was indebted to the company in the sum of $476.36, and that he had not been discharged as such garnishee. The answer was insufficient. It did not state the amount of the claims of any of said parties against the company, or show whether the whole or what portion of the debt had been attached, or that any judgment had been rendered against the defendant therein, or that any order had ever been made upon his answer as garnishee. (Drake on Attachment, § 705; *Crawford v. Clute*, 7 Ala. 157.) The defect in the answer was not cured by the reply, as that simply stated that the cases mentioned in the answer had been finally disposed of, and the defendant released from all liability. We cannot gather from either the answer or reply what portion, if any, of the debt was attached. In addition to this, the record shows that the plaintiff has become the sole owner of all the claims in which the attachments were issued against

the hardware company, and also the owner of all the assets of the company; and that the defendant can never be required to pay anything by reason of the garnishee processes having issued.

The judgment of the district court will be affirmed.

All the Justices concurring.