## GEORGE P. COLE v. J. M. BOWER.

1. NEW TRIAL—*No Record of Motion.* Where it is urged that errors of law occurred upon the trial, and the record shows that the motion for a new trial was overruled, but neither the motion nor the grounds contained therein are preserved, the supreme court cannot review the same.

2. RECEIPT—*Mistake—Correction.* "A party who has given a receipt admitting payment in full has the right always to show by parol evidence that it was given by mistake, and that it was untrue." (*Clark v. Marbourg,* 33 Kas. 471.)

*Error from Cowley District Court.*

ON the 16th day of March, 1887, Mary R. Weitzel and E. B. Weitzel, of Winfield, in this state, made and delivered to George P. Cole a lease of the St. James hotel, at Winfield, and stipulated in the lease that the furniture in the hotel "shall be holden for any arrears of rents due at any time thereof." The lease was to expire on the 1st day of April, 1890. George P. Cole was to pay the owner, Mary R. Weitzel, as rent, $150, on the last day of each month. On the 27th day of March, 1890, Mary R. Weitzel had a settlement with Cole concerning the rents, and in the settlement there was found to be due from Cole to Mrs. Weitzel $721.17. Thereupon, Cole executed and delivered to Mrs. Weitzel his promissory note for $721.17, due and payable on the 1st day of April, 1890. After the note had been executed and delivered by Cole to Mrs. Weitzel, she transferred the note and lease to J. M. Bower, who brought this action against George

P. Cole on the 14th day of May, 1890, to recover $721.17 on the promissory note executed by Cole, and also to foreclose the lien upon the furniture. Trial before the court without a jury, on the 3d day of October, 1890. The court rendered judgment in favor of Bower and against Cole for $757.21, and decreed the judgment to be a lien upon the furniture in the hotel, and directed the same to be sold to satisfy the judgment, interest, and costs. Cole excepted to the judgment, and brings the case here.

*W. D. Halfhill*, for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: It is insisted that at the time of the settlement between Mrs. Weitzel and George P. Cole, on the 27th day of March, 1890, and the execution by Cole to Mrs. Weitzel of his note of $721.17 for all rent due under the lease, that Mrs. Weitzel executed to him the following receipt:

"Received from George P. Cole note for $721.17, in payment in full of rent of St. James hotel to April 1, 1890.

MARY R. WEITZEL,
*By Peckham & Henderson, her Attorneys.*"

That the lien on the furniture was discharged thereby, and that the judgment of the foreclosure of such lien was without any support. The contention really is, that the judgment is contrary to the evidence. The trial was had before the court without any jury. None of the parties requested findings of fact. The court made a general finding only in favor of plaintiff below. It appears from the record that a motion for a new trial was filed by Cole, and overruled. The grounds for the new trial are not preserved.

As the motion for a new trial is not in the record, we do not know what it contained. We cannot assume that the errors occurring upon the trial now complained of were embraced therein. All the presumptions are in favor of the judgment. In this condition of the record, we cannot pass upon the merits of the case. This court, however, has de-

cided that the giving of a promissory note for an antecedent debt is *prima facie* not a payment or discharge of the indebtedness. (*Bradley v. Harwi*, 43 Kas. 314, and cases cited.) The receipt, not being a contract, could be explained. (*Clark v. Marbourg*, 33 Kas. 471.) It appears from the evidence of E. L. Peckham that the firm of Peckham & Henderson had no authority from Mrs. Weitzel to cancel the lease or discharge the lien, and that there was no agreement between the parties that the lease should be canceled or the lien released before the payment of the rent evidenced by the note.

The judgment will be affirmed.

All the Justices concurring.