STEPHENSON *v.* LOUISIANA OIL REFINING Co.

(Division A.   Jan. 3, 1938.)

[177 So. 912.   No. 32948.]

**W. D. Jones**, of Cleveland, and **E. B. Taylor**, of Shelby, for appellant.

Valentine & Valentine, of Cleveland, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

Appellee, a retail dealer in goods, wares, and merchandise, with a branch establishment at Memphis, Tenn., sued the appellant for the balance of an account for goods and merchandise sold and delivered to him at Memphis, Tenn., and recovered a judgment therefor.

The declaration, which was filed on April 26, 1935, alleges that prior to February 22, 1932, appellee sold to the appellant goods, wares, and merchandise "for the agreed price and of the value of $288.99," itemized statements of which were presented to the appellant and admitted by him to be correct, and he promised in writing to pay therefor. No itemized statement of account was filed with the declaration, but simply a statement showing the balance due thereon in February, 1932, to be $288.99, and several payments thereon reducing this balance to $213.99. The alleged written promise to pay the account was in the form of a letter made an exhibit to the declaration, and reads as follows:

"San Angelo, Tex., Feb. 22, 1932..

"La. Oil Co., Little Rock, Ark.,

"Dear Sir; In regards to the Memphis account amounting to $288.99, Two Hundred eighty-eight dollars and 99/100 cents charged to S. W. Stephenson. I will be in Memphis on or by the 20th day of March. Will

take the matter up with Mr. Gay in Memphis, and will start paying on the account. Due to sickness & unable to find employment, I am forced to go back to Memphis, so I can meet my obligations.

"Yours

"S. W. Stephenson."

The appellant pleaded the general issue and the three-year statute of limitations, section 2299, Code of 1930. The case was continued for several terms of the court. At the November, 1937, term the appellant, over the appellee's objection, was permitted to file a sworn plea denying that he signed, or authorized the writing of the letter made an exhibit to the appellee's declaration.

The evidence for the appellee disclosed the sale of the goods; that the appellant verbally admitted the correctness of the itemized statement rendered him; and that the letter filed as an exhibit to the declaration was received by the appellee in response to a letter from it to the appellant reading as follows:

"February 8, 1932.

"Mr. S. W. Stephenson, San Angelo, Texas.

"Dear Sir; Your Memphis account, showing a net balance due us, exclusive of interest, amounting to $288.99, is many months past due and we have not heard from you for the past ninety days, so this is to notify you that we will be compelled to take action against you in an effort to collect the balance due us unless satisfactory arrangements are made immediately for payment of the account. Our Mr. Gay in Memphis wrote us early in November that you would pay at least $50.00 per month on the balance, but we haven't received any payment whatsoever, in fact haven't even heard from you, so we must now insist that the matter be definitely arranged immediately, as we can't afford to carry the account any longer.

"Yours very truly,
"Louisiana Oil Refining Corporation
"L. P. Nichols, Credit Manager,
"Arkansas Division."

The appellant testified and said that the letter to him from the appellee of February 8, 1932, was received by his wife, and that she wrote the letter in reply thereto when he was absent from home, without his knowledge or consent, and without any authority so to do. No evidence was introduced by the appellee in denial of this.

The appellant requested, but was denied, an instruction directing the jury to return a verdict in his favor.

The instructions for the appellee permit the jury to find a verdict for it, in event they believed that the appellant wrote the letter in question, and, further, that if they believed that the appellant agreed that the alleged balance of $288.99 of the account was correct and owing by him, and that he thereafter made payments thereon, "then it is not material whether S. W. Stephenson wrote the letter appearing in evidence or had any other statement of the account than is made exhibit in evidence, and it is the duty of the jury to find for the plaintiff."

Section 2299, Code 1930, is as follows: "Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after."

Section 2318, Code 1930, reads, in part, as follows: "In actions founded upon any contract, and acknowledgment or promise shall not be evidence of a new or continuing contract whereby to take any case out of the operation of the provisions of this chapter or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby."

The only acknowledgment of the correctness of this account in writing claimed by the appellee to have been made by the appellant was the letter made an exhibit to its declaration. The signature and responsibility for this letter was expressly denied by the appellant, and there being no evidence to the contrary, must be accepted as true.

But, the appellee says that a verbal admission of the correctness of the account and a promise to pay it is sufficient to withdraw the case from the three-year statute of limitations, citing in support thereof Adams v. Torry's Ex'rs, 26 Miss. 499, Brody v. Doherty, 30 Miss. 40, and Shackleford v. Douglass, 31 Miss. 95. These decisions were based on section 16, chapter 9, Laws of 1844, which provides, ''That the promise or acknowledgment to save the bar may be made without writing, if it be proved that the very claim sued on was presented and acknowledged to be due and unpaid.'' Under sections 2299 and 2318, Code of 1930, the verbal acknowledgment of the correctness of an account, making it an account stated, does not avoid the bar of section 2299, Floyd v. Pearce, 57 Miss. 140.

The appellee further says (1) it does not appear when the account became due, and therefore does not appear that the cause of action accrued more than three years before the filing of the suit; and (2) that the parties hereto are both merchants or traders, and the action is to recover the balance of an open and mutual current account, and therefore it accrued, under section 2300, Code of 1930, on the date of the last credit thereon. It appears from the appellee's own evidence that the account was past due, and therefore the cause of action thereon had accrued ''many months prior to Feb. 8, 1932,'' more than three years before the filing of the declaration. The appellee is a merchant or trader, and while it does not clearly appear from the evidence, we will assume, for the purpose of the argument, that the appellant was also, never-

theless section 2300, Code of 1930, does not here apply. The evidence does not disclose that the $288.99 is the balance due on a mutual and open current account, but if it is, it was past due more than three years before the suit was filed, and the cash payments thereon which reduced the balance to $213.99 did not make it a "mutual and open current account." Abbey v. Owens, 57 Miss. 810.

The appellant's request for a directed verdict should have been granted. The judgment of the court will be reversed and a judgment for the appellant rendered here, unless the appellee is entitled to a remand of the case for a new trial, for the reason that the court below permitted the appellant to file the plea at the trial denying the writing of the letter made an exhibit to the declaration. There are two reasons why this should not be done, (1) No cross assignment of error was filed by the appellee, and (2) the granting of the permission to file the plea was within the court's discretion, and no showing of prejudice by the filing of the plea was made in support of the objection thereto, nor was any request made by the appellee for a continuance of the case.

Reversed and judgment here for the appellant.