Judge Ewing
delivered the Opinion of the Court.
Judge Mar■shall did not sit in this case.
Thomas Jones, by his last will and testament, among other specific bequests, gave to his wife Affia Jones, two hundred bushels of corn, annually, during her life, to be raised from his farms on which Moses Matheny and Purnell then lived; also sixty bushels of wheat, annually, during her life, to be raisedout of his estate.
And, in a residuary clause in his will, the testator gave all the rest and residue of his estate, both real and personal, not therein disposed of, to his sons Thomas Jones, James W. Jones, Garrard Jones, and his daughters, Sally Jones, who afterwards married McGinty, and Jane C. Jones, who afterwards married Joseph Berry.
Thomas Jones and James W. Jones, being two of the executors named in the will, qualified, and undertook the execution thereof.
*426 Affia Jones, the widow, in conjunction with McGinty and wife, filed their bill against said executors and the surv*v^ng residuary devisees (except Sally, who is complainant,) and the infant heirs of Garrard Jones, who had pefore was filed — claiming compensation for the corn and wheat, which they allege has been transferred, by the widow, to McGinty and wife, by deed, and has never been paid to either. They allege, that the land out of which the corn was directed by the 'testator to be raised, has been sold by the residuary devisees, &c.
We deem it Inappropriate at this time, to enter into, or decide the merits of this controversy, as it is1 evident the proper parties are not before the Court.
A guardian ad litem was appointed, and has put in an ■answer for#ie infant heirs of Garrard Jones, deceased, when no process seems to have been executed upon them. The order appointing him, as well as the answer -put in by him, was Irregular and erroneous, until after they were served with process.
The personal representative of Garrard Jones was 'also a’necessary party, and is not brought before the court; nor is any allegation made which would justify a proceeding, without him, against the heirs alone. The -personal estate which Is represented by the administrator, should be first made liable for any debt or demand which accrued against their ancestor. And the more ■especially in the present case, where the proceeding is ■not against the land charged with the annuity, but against the residuary devisees personally..
It is therefore decreed by the Court, that the decree of the Circuit Court be reversed, and the cause remanded for further .preparation, as suggested in this opinion.