Foute et al. *v.* Bacon et al.

---

## Jacob F. Foute et al. *vs.* John Bacon et al.

An acknowledgment or promise of one of several joint makers of a note, under the English statute, previous to the act of 9 Geo. 4, c. 14, would be sufficient to relieve against the statute of limitations as to all the parties to a note once barred, and is equally binding on all the makers; but, as the law now stands, the party who makes the acknowledgment or promise only is bound by it, which must be evidenced in writing, and signed by the party chargeable.

Under our statute of limitations,· (Hutch. Code, 832, § 16,) "no promise or acknowledgment, either express or implied, shall operate to revive at law any action or cause of action from the bar and limitations contained in this act,

Foute et al. *v.* Bacon et al.

unless such promise or acknowledgment be in writing and signed by the party to be charged thereby, unless the very claim sued on be presented, and acknowledged to be due and unpaid. *Held*, where there is no presentment, there can be no acknowledgment to pay.

An express promise to pay, under our statute, is not necessary to save the bar; but an acknowledgment that the debt is due and unpaid must be express, and made upon a presentation of the claim.

The law will presume a promise, under the act, against the party making the acknowledgment; but the presumption can extend no farther.

The meaning of the *proviso* in our statute of limitations, is, when a claim is presented to one or more obligors, and it is acknowledged to be due and unpaid, then the statute commences running anew; but if, on such presentation, the acknowledgment is withheld, the case is not taken out of the statute of limitations.

A party can only be charged, under the statute, who gives his promise in writing, or makes an acknowledgment such as will bring it within the meaning of the foregoing construction of the act.

On appeal from the southern district chancery court, at Monticello; Hon. James M. Smiley, vice-chancellor.

This case was commenced by a bill filed against Jacob F. Foute and John H. Hilliard, executors of the last will of Thomas Y. Grinstead.

The bill states that Thomas Y. Grinstead, John H. Hilliard, and Arthur Fox, on the 18th May, 1840, made their promissory note to the Planters Bank for $3,000, payable at the branch at Monticello twelve months after date; and on the 23d May, 1840, made their other note in like manner for $2,632.18, payable twelve months after date at the branch at Monticello. That said bank, for value received, had transferred these notes by delivery to complainants; that they are now wholly due and unpaid; recites the information and judgment of forfeiture against said bank; prays for judgment against the executors of Grinstead and said Hilliard and Fox. On the 28th July, 1848, an amended bill was filed by leave of court, which stated that, on the 1st day of April, 1847, T. S. Swift, agent of complainants, presented said notes to T. Y. Grinstead for payment, when said Grinstead acknowledged that said notes were wholly due, and promised to pay the same to complainants.

On the same day the defendants filed this demurrer, and for cause say, the bill shows a purely legal demand, and an ade-

14 *

quate remedy at law; states a demand, and prays relief for causes of action barred by statutes of limitation; shows no ground to relief in this court; the case stated is not in the jurisdiction of this court. On the 29th July, 1848, the demurrer was annulled, and sixty days to answer; from which an appeal was prayed and granted.

*G. P. Foute,* for appellants.

It will be seen from the record, page 5, that the demurrer of appellants to original bill was virtually confessed; and for the purpose of avoiding the effect of one cause of demurrer, viz., statute of limitations, complainants asked leave to file amended bill, and offered an affidavit of one of solicitors of complainants, on which that motion was founded.

After the filing of affidavit and amendment to original bill, the defendants continued to rely on their demurrer, believing the amendment did not cure the defects, or remove the objections to the original bill.

The demurrer then stood to the bill as amended, and was so argued and so considered by the court.

Three questions only are now presented by the record, viz.:

1. Is the promise, as stated in the affidavit and amendatory bill to have been made by Thomas Y. Grinstead, sufficient to avoid the operation of the statute of limitation as to him? And

2. If the promise, as stated and set forth, is in law sufficient to renew or continue the liability of Thomas Y. Grinstead, does that bind or continue the liability of the other parties to the notes, (Hilliard and Fox,) who made no such promise; or can Grinstead, waiving his defence of the statute of limitations, deprive Hilliard and Fox of their right to that defence and protection?

For the appellants, we insist that the law answers negatively both these points.

The promise of Grinstead, as stated, was conditional, indefinite, not direct, and in fact a proposition for compromise, and not a promise to pay. See *Davidson* v. *Morris,* 5 S & M. 564; *Westbrook* v. *Beverly,* 11 Ib. 419; *Bell* v. *Rowland,* Hard. R. 301; *Bell* v. *Morrison,* 1 Peters, S. C. R. 360; 11 Wheat. 309.

Foute et al. *v.* Bacon et al.

But if the promise was good as to Grinstead, and continued or revived his liability to pay the notes, that cannot be held to preclude the other parties to the note (Hilliard and Fox) from relying upon the statute of limitations. *Clementson* v. *Williams*, 8 Cranch, 72; *Bibb* v. *Peyton*, 11 S. & M. 275; and in *Powers* v. *Southgate*, 15 Verm. R. 471, it was ruled, that the promise by the husband that he will see a debt paid which the wife owed when sole, and which was barred by the statute of limitations, will not remove the bar of the statute in a suit against husband and wife.

And 3d. If the promise of Thomas Y. Grinstead was a good one for any purpose, then complainants have clear remedy at law on that promise, and have no right to this remedy. 5 Pet. U. S. R. 596; *Depuy* v. *Swart*, 3 Wend. 138, 139, &c. 5 Greenl. (Maine) R. 140.

*Adams & Dixon*, on the same side.

*D. C. Glenn*, on the same side.

*George S. Yerger*, for appellees.

The first question is, whether the acknowledgment or promise was sufficient. It is direct, positive, and unconditional; it admits that the debt was then due, and promised to pay it. An acknowledgment or promise more explicit is not to be found in the books, and it was made before the statute barred or attached. Authorities on this point are not necessary, as our own court has settled it in the cases cited from 5 S. & M. 564; 11 Ib. 419; Ang. on Lim. ed. 1846, and cases cited, 218, where the rule, deducible from all the authorities, is stated, 218.

The second question is, whether an acknowledgment of a debt by a joint debtor, or by a joint and several debtor, or a promise to pay, if the acknowledgment or promise is made before the statute has attached, is binding on others, or not; and I think no case can be found where the acknowledgment was before, and whilst the debt was unbarred and subsisting, which decides that it is not a saving as to all. On the contrary, the authorities are numerous, that in all cases of joint and several

promises, an acknowledgment by one binds all. The debt is joint, although the promise may be joint and several. Nearly all the authorities are collected by Angell, in ch. 23, p. 270. The case, whether joint or joint and several, makes no difference, or whether the party be or be not a surety. Ib. 274, &c; *Burleigh* v. *Scott*, 8 Barn. & Cress. 36; 15 Eng. Com. Law, 151; *Sigourney* v. *Drury*, 14 Pick. 387; *Hunt* v. *Bridgman*, 2 Mass. 581; *Perham* v. *Raynal*, 9 Moore, 506; 15 Eng. Com. Law, 413; *Dowling et al.* v. *Ford*, 11 Mees. & Wels. 328.

The case in 14 Pick. reviews all the authorities, and shows the distinction between all the cases, &c. The same point precisely is decided as to surety, &c. *Clark* v. *Sigourney*, 17 Conn. 511, and cases cited, 517.

But where the community of interest is severed by the death of one joint contractor, or where it is severed by the death or dissolution of a partner, an acknowledgment after that time and after the debt was barred will not revive it against the representatives. Ang. 278; *Atkins* v. *Tredgold*, 2 Barn. & Cress. 23.

The case of *Bell* v. *Morrison*, 1 Pet., was expressly decided on this principle. In that case the debt was barred before the promise was made by the partner. See Ang. 285. The ground of the whole opinion was, that the statute of limitations having run, the partnership was discharged, and in such case, the new promise was a new contract, &c.

In the case in 14 Pick. 387, the case of *Bell* v. *Morrison* was cited. The court there say the cases are wholly unlike, and show that in that case, when an acknowledgment was made, the statute had attached, and the partnership dissolved, &c.; and expressly decide that it does not apply where a joint and several debt has been acknowledged by one, although the other is a surety, if acknowledged whilst it was a subsisting debt, and before the statute attached.

In Massachusetts it has always been held, that payment of part was, in its effect, the same as an acknowledgment. In the above case, payment of interest was regularly made by one only. This is held to be equivalent to an acknowledgment by that one only; the court then examines what the effect of a promise or acknowledgment by one will have on the others.

Foute et al. *v.* Bacon et al.

But it is argued, the new promise must be sued on; the new promise was made by one only. Where the suit is not barred, a new promise may be viewed in a double aspect; as a new promise, or as a revival and continuance of the old cause of action. This is explicitly decided in the case of *Little* v. *Blunt*, 9 Pick. 492.

In *Ilsley* v. *Jewett*, 3 Met. 444, 445, the court decide "that a payment or new promise, or admission from which a new promise may be inferred, is considered as removing out of the way a bar arising from the statute, so as to enable, &c.;" "and it is not looked upon as the creation of a new substantive contract which is to be the basis of the judgment."

If a promise is made, and an action lies on the old note, then it is clear the remedy, whatever it may be on the old note, is not taken away. If, for instance, debt lay on the note, but assumpsit only on the new promise, the party would be entitled to his action of debt. Now if, at the time of the new promise, and before it, a bill in chancery was the remedy on the note, the new promise did not take away that remedy; a party may select his own remedy, even where they are concurrent. Notwithstanding a new promise, the suit may and will lie on the note. See authorities examined, 9 Pick. 489. Such is the settled practice of this State.

But again, although there may be a new promise to pay a note, on which an action would lie, I deny that there is any remedy at law on the note. The rule is, if you have a remedy at law on the note, you shall sue there. Our remedy at law is not on the note; it is in equity. We have a remedy on a new promise to pay the note, but not on the note itself. Our remedy is alone in equity on the note. We may, therefore, pursue our remedy in equity on the note, and rely on the new promise to rebut the statute of limitations.

The case is simply this: the law does not allow us to sue on the note; equity does. The law does not compel us to abandon the note and sue on the new promise; therefore, our remedy on the note is left; but our remedy on the note, it is said, is barred. We say, No; because the new promise admits the liability on the note, and saves the bar.

But again, suppose a man has a promissory note, and the remedy is in equity, will a promise to pay it from his debtor take from him his remedy? Where he has a remedy both at law and equity, that is, where they are concurrent, he may resort to either. Surely the new promise, not under seal, does not merge the note; authorities need not be cited to show where a party has two remedies, one at law, the other in equity, he may take either. Now, if the promise to pay was before it was barred, could he not sue on the original note? Was he obliged to sue on the new promise? 8 Humph. 658. If the note is not then barred, because of the promise, the note may be sued on, and the new promise relied on, merely to rebut the statute.

But there is another ground, which settles this question. A promise or acknowledgment made by a joint party after a note is barred, is no admission of an existing liability as to all. The statute has attached; after that time, neither has authority to bind the other. Why? Because it is a new contract, say the Supreme Court of the United States in *Bell* v. *Morrison*; neither party can make a new contract to bind the other. All were discharged; there is no existing legal liability. But where the debt is due, but not barred, there is an existing joint liability. The admission of either joint contractor, whilst the contract is in force, is evidence against the other, as an admission of an existing liability. A promise to pay it before it is barred by one, creates no new contract; the promise is only evidence of the existing liability. The promise of one is binding on the other, not as an express promise on which a suit can be founded, for that would be to make a new contract, but as evidence of their joint undertaking. Now an express promise to pay an equitable assignee is absolutely necessary to enable such assignee to sue in his own name at law. U. S. Dig. 248.

Mr. Justice FISHER delivered the opinion of the court.

The appellees filed their bill in the vice-chancery court at Monticello, against the appellants, to recover the amount of principal and interest of two promissory notes, the first dated the 18th of May, 1840, for $3,000; the other dated the 23d of May, 1840, for $2,632.18, made by Thomas Y. Grinstead, now

deceased, John H. Hilliard, and Arthur Fox, both payable twelve months after date to the Planters Bank of the State of Mississippi, and by the bank transferred by delivery to the complainants below.

The bill appears to have been filed and process issued thereon, on the 30th of June, 1848. To avoid the statute of limitations, it was amended at the July term, 1848, of the court, by averring that the notes were on the 1st of April, 1847, presented to Grinstead, the principal therein, who acknowledged that they were "wholly" due and unpaid, and promised payment thereof.

The defendants, at the proper time, in the court below, appeared and filed a demurrer, which was overruled; from which order an appeal has been prosecuted to this court.

It will be seen that Grinstead's acknowledgment was made before the bar had attached, and is as broad as the language of the statute. No question can be made as to its sufficiency to take the case out of the operation of the act of limitations as to him. The point to be decided is, how far this acknowledgment affects the other parties, Hilliard and Fox, who are joint contractors with Grinstead.

It is clear that the acknowledgment, under the English authorities previous to the statute of 9 Geo. 4, c. 14, would be sufficient to relieve against the statute of limitations as to all the parties to the notes. Previous to this statute, the acknowledgment or promise of one joint maker, or joint and several maker, was equally binding upon all the parties to the instrument. As the law now stands, however, the party who makes the acknowledgment or promise only binds himself, as it must be evidenced by writing, and signed by the party chargeable thereby.

We will now proceed to examine our own statute bearing on this question. It will be found p. 832, Hutch. Code, § 16, and is in these words: "No promise or acknowledgment, either express or implied, shall operate to revive at law any action or cause of action from the bar and limitations contained in this act, unless such promise or acknowledgment be in writing, and signed by the party to be charged thereby. Provided, however,

that the promise or acknowledgment to save the bar, may be made without writing, if it be proved that the very claim sued on, was presented, and acknowledged to be due and unpaid." We have already stated what the rule was as to a promise or acknowledgment by a joint contractor, previous to the English statute, and this rule must still govern as to the case now under consideration, unless there is something in the statute quoted, changing it. It will be seen, that the claim must be presented, before it can be acknowledged to be due and unpaid.

This provision of the statute, or rather of the proviso, was adopted for the purpose of dispensing with written evidence in a particular class of cases; and hence the caution manifested by the legislature, in the kind of proof to be introduced to identify the claim sought to be upheld by the new promise or acknowledgment. A presentment being indispensable, it follows that the party to whom it was made, could only make the promise required by the statute. Where there was no presentment, there could be no promise or acknowledgment to bind the party. The first part of this section says, that no promise or acknowledgment, either express or implied, shall operate to revive at law, &c. Now it cannot be pretended, that Hilliard and Fox ever made any express promise or acknowledgment respecting these notes. If, then, they are to be held liable, it must be upon an implied promise, resulting from the express promise of their co-maker, Grinstead.

The law recognizes two kinds of promises, express and implied promises; the first is the express stipulation of the party making it, to do or not to do a particular thing; the second the law presumes, from some benefit received by the party against whom it is raised; or, to illustrate it by the old rule, to take a case out of the statute of limitations, payment, or an acknowledgment of the justice of a debt, implied a promise to pay it. But the more recent statutes on this subject, have laid down the rule in different language, as to the promise necessary to continue a liability on an obligation apparently barred by their operation, as well as the kind of proof to sustain such promise. Under the proviso of our statute, an express promise to pay, is not necessary to save the bar; but the acknowledgment that

the debt is due and unpaid must be express, and made upon a presentment of the claim. The law will presume a promise under the act against the party making the acknowledgment; but this presumption can extend no farther. Suppose the notes had been presented to all the makers, and one acknowledged the debt, according to the letter of the proviso, and the other two denied that the notes were due or unpaid; could it be pretended for a moment, that the operation of the statute was not complete as to the two thus denying? or could it be pretended that the law implied a promise against them on an acknowledgment which they declined making? Yet if Grinstead's acknowledgment is to bind the other makers, it must have the effect of raising a presumption, or creating a promise against them, which they will not be allowed to controvert by showing that the notes were not due or unpaid.

The plain meaning of this proviso appears to be this: that when a claim shall be presented to a party, whether he be a joint contractor or not, and he acknowledge it to be due and unpaid, then the statute commences running anew from that period; but if, on such presentment, the acknowledgment shall be withheld, then nothing has been done to take the case out of the operation of the statute.

The first part of the section says, that the written promise or acknowledgment shall be signed by the party to be charged thereby. A joint contractor, who fails to sign the writing, of course is not charged thereby. The same rule of construction must apply to the acknowledgment or promise in the proviso, which must be made, on the presentment of the claim, by the party who sees and inspects it. A party can only be charged without writing, where he has seen the claim and made the acknowledgment or promise. A presentment is the mode pointed out by the law to identify the claim, in regard to which the promise to pay was made; if this presentment cannot be established, then no evidence can be received to charge the party, but a writing signed by him. This being the meaning of the statute, it is clear that the bar as to Hilliard and Fox is complete, and the demurrer as to them must be sustained.

Another point urged by the counsel of the appellants is, that

the complainants' remedy was complete at law upon Grinstead's promise. This promise was made before the bar had attached, and was merely a continuation of the original promise. The authorities appear to be unanimous on this point. The case of *Bell* v. *Morrison*, 1 Peters, 351, has no application to the present case. In that case, the statute of limitations had attached, so that the other partners were already discharged, and, therefore, no liability existed, except against the party entering into the new contract.

The decree as to Hilliard and Fox reversed, bill as to them dismissed, and cause remanded as to Grinstead's executors. Appellees to pay costs as to Hilliard and Fox; Grinstead's executors to pay as to balance.