Wiiekler, J.
It is insisted on helialf of the plaintiffs in error that it was incumbent, on the plaintiff below to have made the heirs of Janies Kegans parties to tlie suit; that lie did not do so, and that consequently the judgment is erroneous; that their rights arc not concluded by it; and that, being miuors, limitation did not run against their right of appeal until within less than two years next before the bringing of this'writ of error.
We have boon referred to lib provision of tlie Spanish law in force here at the time which required that to divest the interest of 1 lie estate the heirs be made parlies. But reference is made lo the ordinance of tlie 22d of January, 183G, (Hart. Dig., art. 983.) and to the Code of Practice of the State of Louisiana. The ordinance introduced the Louisiana law merely as the law of procedure in the settlement of successions, but it had no reference to a ease like tlie present. This was not a “proceeding relative to a succession” within the terms and meaning of the ordinance. That related to the proceedings in the opening and adiiiiiiistrafion of the succession in tlie court which had'cognizance of that subject. Put it did not furnish, nor was it. intended to furnish, the rule of decision or practice in suits between tlie estate and third parties in the. District Court. Tliis was a suit between the estate and the plaintiff, not in relation to .the administration or settlement of the succession, hut to property which once belonged lo the deceased and had been sold by him. Neither the ordinance nor tlie Code of Practice of Louisiana had any application to the case.
But if by the. laws in force at tlie time it was necessary that the heirs should have been made parties fo the suit in order that the. decree, might bind them, .tliis, it is conceived, was done in tlie present case. There can 1)0 no legal objection t o tlie making of parties during t lie progress of a cause who may have been improperly omitted in tlie bringing of the suit. Tliis is tlie, constant practice in courts of chancery. In what manner it shall he done when not directed by positive law must lie determined by the practice of the courts, and, like other matters of practice, is subject to bo regulated by them. Tlie courts of tliis country at that day were not subject to the rules of practice of courts of either common law or "chancery, and their proceedings are not to be tested by those rules. We are aware, of no rule of positive law which proscribed the manner in which tlie heirs should be made parties in a case like the present, if indeed that, were necessary. The course adopted was, it is believed, the prevailing if not the universal practice at the time, whore it was proposed by the judgment to conclude the rights of infants, and no reason is perceived why it did not. afford them as effectual protection as a different practice would have done. No sensible object could be attained by the service of process on an infant of eleven years, and there can be no reason for requiring the performance of that idle formality. Under-tlie practice adopted in this case many rights have been acquired and a vast amount of the property of the country has been held and transmitted. And those rights ought not now to be disturbed unless for very cogent reasons, founded in a legal necessity. It ought first to be clearly shown that they were acquired against law. The security of property, the repose of society, public policy require that the. proceedings of tlie courts in former times, under which rights were supposed to have vested, and on tlie faith of which property lias been transmitted, should be upheld wheneve • tliis may be done without doing violence to the established principles and usages of tlie law.
We are aware of no usage or principle of tlie law in force here at the. time which was contravened by tlie practice adopted in tliis case. We think it was competent for tlie court, in the absence of any positive regulation or provision on tlie subject, thus to make tlie heirs parties. Having been made parties .to the suit, and mat having appealed, tlie plaintiffs in error are concluded by *18 the judgment. (Taylor v. Duncan, Dallam.) The writ of error must therefore be dismissed.
Note 5. — üpon general principles, as well as by the statute of February 2,18-M, in an action for the specific periormanee of a contract by the decedent for tho convcyanco of land, it is not necessary that tho heirs should be made partners in order to bind them. (Shannon v. Taylor, 16 T., 413; Ottenhouse v. Burleson, 11 T., 87; Owen v. Shaw, 20 T., 81: Millican v. Blillican, 24 T., 44Í.)
Noth 6. — Grassmeyer v. Beeson, 13 T., 624; Lawler v. White, 27 T., 260; Thouvenin v. Rodri-gues, 24 T., 468.
Writ of error dismissed.