JOHN W. WITHEE v. MARY V. WITHEE.

1. DIVORCE— ALIMONY.—The record not showing that a divorce was decreed for adultery, and against the wife, the allowance in the decree for unpaid alimony to the wife will not be revised.
2. SAME—COSTS.—In suits for divorce, the question of costs is left much to the discretion of the court. ( Paschal's Dig., art. 3455.)

ERROR from Red River. Tried below before the Hon. Joseph Bledsoe.

The facts are given in the opinion.

*John W. Withee,* for plaintiff in error.

BONNER, ASSOCIATE JUSTICE.—This is a suit for divorce, brought by Mary V. Withee as plaintiff against J. W. Withee

as defendant. The defendant, by cross-bill, also sought a divorce, among other alleged causes, for (that of) adultery. During the pendency of the suit the plaintiff prayed for and obtained an order for alimony; and on failure to pay the same, as directed in the order, execution therefor was to issue. Two executions which issued for this purpose were enjoined by two separate bills by the defendant, for the alleged reason, among others, that the alimony for which they had issued had been paid. On the final trial these two injunction suits were consolidated with the original suit, by consent. A jury was waived and a decree of divorce granted; but whether upon the original petition or cross-bill does not clearly appear from the record. The injunctions were made perpetual, except for the sum of $60, and for which amount and costs thereof, and of this suit, judgment was rendered against the defendant. From this judgment he sues out this writ of error, and seeks a reversal for alleged error in dissolving said injunctions as to the sum of $60 and adjudging that he pay the costs of this suit.

There is no statement of facts. Without this we must presume in favor of the judgment of the court below, and it will not be revised except for clearly manifest error. (St. Clair *v.* McGehee, 22 Tex., 6; Galbreath *v.* Templeton, 20 Tex., 45.)

As the record does not show that the decree, if granted upon the cross-bill of the defendant, was upon the ground of the alleged adultery of the plaintiff, we are not called upon to decide whether, when a decree for divorce is based upon the adultery of the wife, she can, on the final trial, have judgment for unpaid alimony awarded her pending the suit. (Wood *v.* Wood, 2 Paige's Ch., 109; Osgood *v.* Osgood, 2 Paige's Ch., 621; Andrews *v.* Andrews, Dal., 375.)

In suits for divorce, the question of costs is left much to the discretion of the court. (Paschal's Dig., art. 3455.)

There being no error in the judgment apparent in the record, it is affirmed.

                                           AFFIRMED.