C. A. WHEELER ET AL. v. I. B. AHRENBEAK.

(Case No. 1217.)

1. JUDGMENT — SERVICE — MINORS. — A judgment is voidable when rendered against a resident minor defendant who has no general guardian, and who has not been served personally with process, even though he is represented by a guardian *ad litem.*

2. SERVICE — STATUTE CONSTRUED. — The acceptance of service by a minor defendant is not equivalent to the personal service required by the statute to be made by the officer, and a judgment against the minor will be reversed on appeal or error, when this personal service has not been obtained.

ERROR from Waller. Tried below before the Hon. W. H. Burkhart.

*Chas. A. Harris,* for plaintiff in error.

*T. S. Reese,* for defendant in error.

I. Acceptance of service by the minor defendants conferred jurisdiction upon the court as effectively as service of citation, etc., could have done. Pasch. Dig., 1432; Jewett *v.* Miller, 19 Tex., 291; Battle *v.* Eddy, 31 Tex., 370.

II. Neither service nor waiver of service was necessary to give the court jurisdiction of the minor defendants, it appearing that a special guardian was appointed for them, who qualified as required by law, and appeared and agreed to the judgment. Kegans *v.* Allcorn, 9 Tex., 25.

BONNER, ASSOCIATE JUSTICE.— February 8, 1869, G. H. Wheeler and C. A. Wheeler executed and delivered the note here sued upon, and which recited that it was secured by a lien on certain real property therein described. Subsequently G. H. Wheeler died. This suit was brought by Ahrenbeak, defendant in error, against the co-obligor, C. A. Wheeler; also against Mrs. Mary Wheeler, surviving widow of G. H. Wheeler, deceased, and his children, two of whom, Annie and Ida Wheeler, are minors, praying for personal judgment against C. A. Wheeler, and to enforce, as against all the defendants, the lien on the property.

Service of the petition was accepted and citation waived by all the defendants, including the two minors, for whom a guardian *ad litem* was appointed, who accepted, qualified, and appeared as such in the suit.

Personal judgment and enforcement of the lien as prayed for was rendered below, from which this writ of error is prosecuted.

The material question in the case is the alleged error of the court in the appointment of a guardian *ad litem* for the minor defendants, without service of process upon them.

It is a familiar rule that there is a marked distinction between the right to impeach a judgment in a collateral proceeding, and the right to impeach it in a direct proceeding by appeal or error. In the former case the right must be based upon some ground which renders the judgment absolutely void — as the want of jurisdiction; in the latter it may be based upon mere irregularity, which renders it voidable only. Burditt *v.* Howth, 45 Tex., 466; Fitch *v.* Boyer, 51 Tex., 344; Murchison *v.* White, 54 Tex., 78.

In the case of McAnear *v.* Epperson, decided at the present term, it was held that the want of personal service on minor defendants, when they were represented

by a guardian *ad litem*, did not on collateral attack render the judgment absolutely void. It was, however, in that case strongly intimated that the court might have reversed the judgment below had the question been raised, as in this case, on direct proceeding by appeal or error.

That a judgment is voidable and should be reversed on appeal or error when rendered against resident minor defendants who have no general guardian, and have never been personally served with process, even though they were represented by guardian *ad litem*, is in our opinion the correct practice, much less liable to abuse, and is supported by abundant authority. Preston *v.* Dunn, 25 Ala., 513; Jones *v.* McGinty, 3 Dana, 425; Shropshire *v.* Reno, 5 Dana, 584; Good *v.* Norley, 28 Iowa, 201, citing numerous authorities; Stanton *v.* Pollard, 24 Miss., 156.

In this last named case it is said that in England the usual practice in chancery was not to appoint a guardian *ad litem* until the infant was brought into the actual presence of the court, in order to ascertain if of proper age to make a choice, and whom he desired to act for him.

The case of Kegans *v.* Allcorn, 9 Tex., 25, was instituted in 1838, before the introduction of the common law, and the court say: "We have been referred to no provision of the Spanish law in force at the time which required that, to divert the interest of the estate, the heirs be made parties."

In the case of Thomas *v.* Jones, 10 Tex., 52, the question seems to have but incidentally before the court, as it is said that the only error assigned which required notice was, that the court proceeded to judgment against the heirs, without making the administrator a party. Beside, that case was not an original proceeding against the heirs, but one which had been instituted against the ancestor, and which under the statute did not abate by his death.

The question then recurs, whether the acceptance of

service by the minors was so far equivalent to service by the officer as that the action and judgment of the court thereon should be sustained.

The doctrine of the disability of minors rests upon the presumption of the want of legal capacity to perform a valid binding act.    Fairweather *v.* Satterly, 7 Robertson (N. Y.), 548.

This presumption must necessarily to some extent, and as to minors verging upon majority, be an arbitrary one. To relieve it, in some instances special legislation has been had; also general laws have been passed, giving the courts, in their discretion, power to remove the disability of minority.    Pasch. Dig., arts. 7002–4.

If, as an almost universal rule, this disability exists, except in cases where the law has made express or implied exceptions, it would seem that it should govern in cases like the one now under consideration, particularly when consistent with the long established practice of courts of chancery, until the legislature, as in the appointment of a general guardian of a minor over fourteen years of age, should provide a different rule.    Revised Statutes, art. 2492.

If as to adults the law is technical, even in requiring that the return of process on them should show a strict compliance with all its formalities before judgment could be demanded, it should be more so as to minors.    Otherwise its process would be liable to great abuse.

Although in some cases, the vigilance of friends might prevent this abuse, yet the law to a great extent must necessarily govern by uniform rules, even though the reason for these rules might have greater or less effect in the particular case.

One of these general rules is, that all defendants to suits in the district court must be personally served with citation before judgment can legally be rendered against them.    R. S., arts. 1219–20.

This service is an act by an officer of the law which thereby gives jurisdiction to the court without the consent of the defendant or even against his will.

Another general rule is, that defendants have the privilege to waive this right of personal service, either expressly by agreement or impliedly by appearance. R. S., arts. 1240–1.

This acceptance, however, is the voluntary act of the party himself, and the general principle of the law is then invoked to aid or defeat this act, that to be binding it must have been done by one legally capable of performing it. If the acceptance of service had been made by a defendant who was of unsound mind, it could not be held valid and binding, although the statute is general in its terms without exception; and the same principle applies when the application is made to the case of a minor. To this effect is the case of Winston v. McLendon, 43 Miss., 254.

It is quite probable, that in this case no injustice in fact was done by the failure to serve the minor defendants personally with process, but we do not feel authorized in the application of a statutory general principle to permit as a precedent an exception which must necessarily raise collateral issues, dependent upon the facts of each particular case, as to the boundary line between legal capacity and incapacity, the abuse or non-abuse of judicial power and discretion.

In our opinion the alleged error was well taken, for which the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 18, 1881.]