Lee **PETERSON**, Appellant,

v.

Mary Beth **PETERSON**, Appellee.

No. 16205.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 8, 1973.

Smith & Johnson, Rachel Johnson, Pasadena, for appellant.

Phillip L. Cyphers, Pasadena, Donald A. Thiel, Houston, attorney ad litem, for appellee.

EVANS, Justice.

This case involves a fundamental question of the trial court's authority to appoint a guardian ad litem in a divorce action involving the issue of custody and to tax the ad litem fees as costs.

Appellant, Lee Peterson, the defendant and cross-plaintiff, complains in his first two points of error that the trial court committed fundamental error in making the children parties to the divorce action by appointing the "attorney ad litem" to represent them and in awarding and taxing against him the ad litem's fees.

█ We are met at the outset by the question of whether these points were properly preserved in the absence of specification in a motion for a new trial. This was a trial to the court without a jury and motion for new trial was not required under Rule 324, Texas Rules of Civil Procedure, unless the defects complained of are properly classified as "preliminary motions made and filed in the progress of the cause." We hold that a motion for new trial was not required to preserve these points. Rule 324, T.R.C.P.; Roma v. Starr County, 428 S.W.2d 851 (Tex.Civ.App.— San Antonio 1968, writ ref'd n. r. e.) See also McDonald, Texas Civil Practice, Rev. 1971, Vol. 4, Sec. 18.04.1, pp. 229–231.

At the time this case was tried, there was no rule or statute which specifically authorized or required the appointment of a guardian ad litem in a divorce action involving custody of minor children. However, our Rule 173, T.R.C.P., does provide:

"When a minor, lunatic, idiot or a non-compos mentis may be a defendant to a suit and has no guardian within this State, or where such person is a party to a suit either as plaintiff, defendant or intervenor and is represented by a next friend or a guardian who appears to the court to have an interest adverse to such minor, lunatic, idiot or non-compos mentis, the court shall appoint a guardian ad litem for such person and shall allow him a reasonable fee for his services to be taxed as a part of the costs."

The Supreme Court of Texas has held that Rule 173 is expressly designed to cover a case in which the incompetent is already represented by a "next friend" or "a guardian" and in which the representative "appears to the court to have an interest adverse to" that of the incompetent. King v. Payne, 156 Tex. 105, 292 S.W.2d 331 (1956). See also Gallegos v. Clegg, 417 S.W.2d 347 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd, n. r. e.).

█ The question then is whether the minor children whose custody was sought in this divorce action were parties or represented within the contemplation of Rule 173. This case is before us on partial statement of facts and the court's order appointing the "attorney" ad litem is not included in the record submitted to us. However, the record does reflect that an appearance was filed on behalf of the children by the ad litem and appellant's brief does indicate they were parties to the proceedings. We are of the opinion that the district court was empowered, on its own motion, to make the children parties to the proceedings if it determined, in its discretion, that it was just and proper to do so. Rule 41, T.R.C.P.; Kegans v. Allcorn, 9 Tex. 25 (1852). See also McDonald, Texas Civil Practice, 1965 rev., Vol. 1, Sec. 3.-02, p. 222; 3.04, p. 232; and Sec. 3.43, p. 375.

Sec. 3.58 of the Texas Family Code (Title I), V.T.C.A., provides that the trial court in a divorce action may make tempo-

rary orders respecting the property and parties as deemed necessary and equitable.

Art. V, Sec. 8 of the Texas Constitution, Vernon's Ann.St., provides that the district court shall have . . . original jurisdiction and general control over executors, administrators, guardians and minors under such regulations as may be prescribed by law.

We hold that the district court was empowered in this case to appoint a guardian ad litem to represent the interests of the minor children whose custody was sought. Rule 173, T.R.C.P.; see also Smith v. Taylor, 34 Tex. 589 (1870); 20 Baylor Law Review 433 (1968); 55 Mass.Law Quarterly 229 (1970). The trial court has broad discretion in entering orders for the protection of the children's interests and on the state of the record before us we must presume that the trial court properly exercised its discretion. Page v. Sherrill, 415 S.W.2d 642 (Tex.Sup.1967); Guthrie v. National Homes Corp., 394 S.W.2d 494 (Tex.Sup.1965). Although the case at bar was tried prior to the effective dates of Title 2 (January 1, 1974) and Title 3 (September 1, 1973) of the Texas Family Code, our holding in this respect is consistent with these new laws. See Sec. 11.10 and Sec. 11.11 of Title 2 and Sec. 51.11 of Title 3, Texas Family Code.

■ We do not regard it of controlling importance that the trial court in this case designated the children's representative to be an "attorney ad litem" as distinguished from a guardian ad litem. Sheehan v. Southern Pacific Company, 422 S.W.2d 948 (Tex.Civ.App.—Houston 1967, writ ref'd, n. r. e.); Caffey v. Aetna Casualty & Surety Co., 219 S.W.2d 530 (Tex.Civ. App.—Eastland 1949, writ ref'd, n. r. e.).

■ We also hold the fees of the ad litem were properly taxed as costs and we cannot say that the trial court abused its discretion in taxing such fees against appellant. Withee v. Withee, 50 Tex. 327;

Sec. 3.65, Title I, Texas Family Code; see also Sec. 3.54, Title I, Texas Family Code.

■ Appellant also complains that the trial court erred in rendering judgment for appellee's attorney's fees, arguing that the appellee failed to prove she was without sufficient funds to pay her attorney; that the evidence showed that she received ample cash in the partition of the community property to pay such fee; and that there was neither pleading, proof or finding that the appellant was financially able to pay for such services.

The trial court's judgment reflects that Mrs. Peterson was awarded recovery of a cash sum of $50,000.00 which was to be paid out of the net profits of her husband's business; however, the balance sheet of that company indicates that the net worth of the company at the time of the divorce was a deficit figure of $95,000.00. While the record reflects that Mrs. Peterson received other property of substantial value such as her residence, furniture, pool and jewelry, there is no showing that she was to receive any certain sum of cash from which she could pay her attorney. We also find that there was sufficient evidence from which the trial court might conclude that appellant had financial means to pay appellee's attorney's fees. The trial court is vested with wide discretion in fixing the attorney fees to be awarded to the successful wife in a divorce action and we cannot say the trial court abused its discretion in this case. Chapman v. Chapman, 172 S. W.2d 127 (Tex.Civ.App.—Fort Worth 1943, error dism'd); In re McCurdy's Marriage, 489 S.W.2d 712 (Tex.Civ.App. —Amarillo 1973, error dism'd).

■ Appellant further asserts that there was neither pleading nor proof of a valid employment contract with appellee's attorney. We find this point to be without merit. Appellee's original petition states that she had been required to employ an attorney and had contracted to pay him fees as set out in the minimum fee sched-

ule. Mrs. Peterson testified upon the hearing that she had contacted her attorney and asked him to represent her in the matter and agreed to pay him a reasonable fee for his services. We hold this to be sufficient pleading and proof of her contractual agreement with her attorney to pay a reasonable attorney's fee for his services in the divorce action. Couch v. Couch, 315 S.W.2d 64 (Tex.Civ.App.—Waco 1958, writ dism'd).

Appellant also complains that appellee failed to prove she acted in good faith or that such fees of her attorney were necessary and further that under the undisputed facts she received the major portion of the community property. The awarding of attorney's fees is based upon the principle that they are necessary expenses when the wife brings suit in good faith; because they are necessaries the husband is liable to pay them. Robbins v. Robbins, 125 S.W.2d 666 (Tex.Civ.App.—Fort Worth 1939, no writ hist.). In the absence of findings of fact and conclusions of law, or request therefor, and upon the partial statement of facts before us, we must presume that the trial court found all facts necessary to support its judgment. Levitz Furniture Company v. State, 471 S.W.2d 452 (Tex.Civ.App.—Waco 1971, writ ref'd, n. r. e.); Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363 (1945). The trial court, therefore, must be deemed to have found that the wife brought her suit in good faith and that such fees were necessary.

We further hold that the trial court was within its discretion in awarding attorney's fees to the wife even though the award made to the appellant of the community estate was a smaller portion than that awarded to the wife. Burke v. Burke, 309 S.W.2d 247 (Tex.Civ.App.—Amarillo 1958, no writ hist.). See also Braswell v. Braswell, 476 S.W.2d 444 (Tex.Civ.App.—Waco 1972, error dism'd).

The judgment of the trial court is affirmed.