**Anna Marie ALBERS, Appellant,**

v.

**Gary AMES, Appellee.**

**No. B2563.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 15, 1981.

Michael T. Donohue, Houston, for appellant.

Stewart W. Gagnon, Fulbright & Jaworski, Houston, Roy Mease, Pasadena, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

This is an appeal from the trial court's judgment dismissing this suit for want of jurisdiction. The nature of this case is an action to establish paternity wherein the appellant Anna Marie Albers (Albers) is the petitioner and the appellee Gary Ames (Ames) is the respondent. The child, Amy Lynn Albers, was born July 5, 1974 in Denver, Colorado. Prior to this suit being filed, Albers had brought an action in Colorado seeking the same relief sought in the case at bar, that is, a judgment declaring Ames to be the father of the child and orders requiring Ames to pay child support. The Colorado suit was dismissed on January 16, 1976 for lack of jurisdiction over the alleged father because of his non-residency.

In the present case the petition, filed November 1, 1977, alleged appellee, Ames, was the biological father of the child. The record further reveals the child and her mother, Albers, have never resided in Texas and there is no evidence indicating the child has ever been in this state. On May 14, 1980 Ames filed a motion to dismiss for want of jurisdiction. Said motion, after being heard May 19, 1980, was granted and the order granting the motion was signed June 23, 1980. Appellant (Albers) appeals from that judgment. We affirm.

Appellant's only point of error contends the trial court erred in dismissing this case for want of jurisdiction because such holding is contrary to the law in this state. In response, appellee contends the trial court was correct in its holding because indeed the trial court did not have jurisdiction.

The issue before this court is whether the trial court had jurisdiction over this paternity suit. The Tex. Fam. Code Ann. § 11.045 (Vernon Supp. 1980–1981) expressly provides the requisites for a court in this state to have jurisdiction over a suit affecting the parent child relationship:

(a) A court has original jurisdiction of a suit affecting the parent-child relationship, whether or not the child is physically present in the state, only if one of the following conditions is met:

(1) this state:

(A) is the principal residence of the child at the time the proceeding is commenced; or

(B) was the principal residence of the child at any time during the six-month period before the proceeding was commenced, and a parent or person acting as a parent resides in this state at the time the proceeding is commenced; or

(2) it is in the best interest of the child that a court of this state assume jurisdiction because:

(A) the child and the child's parents or the child and at least one contestant have significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

(B) the child is physically present in this state and there is a serious immediate question concerning the welfare of the child; or

(C) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with this section, or another on the ground that this state is the more appropriate forum to determine issues concerning the child.

(b) The physical presence in this state of the child or of the child and one of the contestants is alone insufficient to confer jurisdiction to the court to make a determination under this subtitle.

In applying the relevant jurisdictional facts of this case to § 11.045, we conclude no court in this state had jurisdiction to adjudicate this controversy. A section by section comparison to the facts in this case conclusively demonstrates the correctness and necessity of our holding: (1) the child did not have her principal place of residence in this state at the time the proceeding was commenced (§ 11.045(a)(1)(B)); (2) this state was not the principal residence of the child at any time during the six month period before the proceeding was commenced (§ 11.045(a)(1)(B)); (3) there is no

evidence showing the child or her mother had a significant connection with this state nor was substantial evidence offered concerning the child's present or future care, protection, training and personal relationships (§ 11.045(a)(2)(A)); (4) the child was not physically present in this state and there is no evidence demonstrating the welfare of the child (§ 11.045(a)(2)(B)).

The Texas Statute and the relevant Colorado statute, Colo.Rev.Stat. title 4, § 14–13–104 (1973), have been modeled after the Uniform Child Custody Jurisdiction Act and therefore it conclusively appears the state of Colorado would have jurisdiction over this case (§ 11.045(a)(2)(C)). Also, there is no evidence showing another state has declined to exercise jurisdiction in this matter as a defense to this state being the more appropriate forum (§ 11.045(a)(2)(C)). The Colorado court's decision in dismissing Albers' 1975 paternity suit was based on the court's lack of jurisdiction over the alleged father as he was a nonresident of that state and there was no available authority at that time to obtain jurisdiction over the non-resident father. However, Colorado has adopted the Uniform Child Jurisdiction Act and has enacted other relevant statutes which grant to the Colorado courts jurisdiction over this paternity suit and over the alleged father.

Consequently, we hold the trial judge did not err in dismissing this suit for want of jurisdiction and accordingly we overrule appellant's point of error.

Affirmed.