No. 19,840.

## B. M. McCUE, *Appellant*, v. J. W. HOPE, *Appellee*.

### SYLLABUS BY THE COURT.

ACTION—*Reopening Account and Settlement—Not an Action for Relief on the Ground of Fraud—Limitation of Actions.* Two parties who owned the stock of a corporation agreed that one of them should purchase the stock and interest of the other for a certain price, the purchaser to pay the outstanding liabilities of the company, and a settlement between them was effected on the basis of an account stated which purported to contain a complete list of all of the assets and liabilities of the company and was a part of their written agreement. In an action subsequently brought by the purchaser he alleged that the account stated was incorrect in that it omitted certain specified liabilities of the company of which he had no knowledge and which he has been compelled to pay; that the account was not only incorrect but it was fraudulently made so by the seller. *Held,* that the action is one to reopen the account and settlement and remake it in accordance with the agreement of the parties; that such an account stated is only *prima facie* evidence of its correctness; that it may be opened up for mistake or fraud; that the averments of fraud of the seller as stated in the petition were pertinent and proper; and that the action pleaded is not to be regarded as one for relief on the ground of fraud, and therefore is not barred by the two-year statute of limitation.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed January 8, 1916. Affirmed in part and reversed in part.

*F. Dumont Smith,* of Hutchinson, for the appellant.

*William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Plaintiff and defendant, who were each the owners of one-half of the capital stock of The Garden City Land & Immigration Company, in November, 1910, entered into a written contract whereby defendant was to transfer to plaintiff his stock in the corporation, in consideration of which plaintiff was to cause the corporation to convey certain properties and securities to defendant and assume and pay all debts and obligations of the corporation and relieve

the defendant from any liability on account thereof. Attached to the contract was a statement of the condition of the company with a guaranty that the same was correct "errors and omissions excepted." This action for the sum of $5557.49 was brought by plaintiff in the year 1914, who alleged in his petition that soon after the transaction above mentioned it was discovered that at the time of the exchange of property the corporation owed certain obligations totaling $2114.98, a half of which was claimed and sued for in plaintiff's action; that said obligations were not shown upon the statement, and that the defendant, conniving with the bookkeeper of the corporation, one Chan. B. Campbell, had concealed the existence of these obligations. As a second cause of action, plaintiff alleged that at the time of the transaction mentioned defendant had in his possession $4500 of the corporate funds, the existence of which fact he also concealed. The court sustained a motion made by defendant to strike out all allegations of fraud, and also sustained a demurrer as to the first count of plaintiff's amended petition but overruled the same as to the second count. Upon these rulings plaintiff brings the case here.

It is contended by defendant that the parts stricken out of plaintiff's petition were immaterial for the reason that the petition showed upon its face that the action was one for relief upon the ground of fraud, and being brought more than two years from the time the fraud was alleged to have been discovered it did not state a cause of action. Defendant also complains that the court should have sustained his demurrer as to the second count of plaintiff's petition.

The action is based on the account stated, which formed a part of the written agreement. This account purported to contain an itemized list of all the assets and liabilities of the company. The account is an acknowledgment of the statements made therein as well as of liability, but it is only *prima facie* evidence of its correctnes. It may be opened up for mistake or fraud and corrected within a reasonable time. (*Clark v. Marbourg,* 33 Kan. 471, 6 Pac. 548; *Schmoker v. Miller,* 89 Kan. 594, 132 Pac. 158; 1 Cyc. 451.) It is alleged that the account in question is not only incorrect in that a number of liabilities of the company, which the plaintiff has since been compelled to pay, were omitted, but that this was done through the con-

Memorial Home v. Collins Estate.

nivance and fraud of the defendant. Fraud being one of the grounds for opening and correcting the account, the allegations that the settlement and accounting were fraudulently done were pertinent and proper, and the ruling striking out the averments as to the fraud of the defendant can not therefore be sustained. That the account is open to correction is shown further by a provision of the agreement made between the parties. In it is a statement that the account is correct "errors and omissions excepted," and therefore on its face it does not purport to be a finality.

It is insisted by the defendant that the case should be treated as an action for relief on the ground of fraud, and that so considered it was barred after two years from the time it accrued. It is rather an action to open up an account and settlement between the parties, to make a new settlement, and to adjust the rights of the parties under their written agreement. The mere fact that mistakes occurred, or that there was deception practiced in the settlement sought to be set aside so that a new settlement may be made, does not make the action one for relief on the ground of fraud. It is still an accounting under the written agreement and does not fall within the two-year statute of limitations.

The decision of the trial court striking out of the petition the averments of fraud as well as the one sustaining a demurrer to the first count of the petition is reversed, and the decision overruling the demurrer to the second count of the petition is affirmed.