McCue v. Hope.

---

No. 21,159.

B. M. McCue, *Appellant*, v. J. W. Hope, *Appellee*.

SYLLABUS BY THE COURT.

1. REOPENING ACCOUNT—*Pleadings—Issues.* The enlargement of the issues beyond those specifically presented by the pleadings held not to have been prejudicial.

2. SAME—*Instruction.* Language in an instruction defining the character of the action held to have been in accordance with the decision of this court on a former appeal.

3. SAME—*Evidence Withdrawn.* The withdrawal of evidence with reference to one item of an account held not to have been erroneous.

4. SAME—*Evidence for Jury.* The evidence held to have warranted the submission to the jury of the controversy regarding several items of an account.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed December 8, 1917. Affirmed.

*F. Dumont Smith,* of Hutchinson, *Albert Hoskinson,* and *R. W. Hoskinson,* both of Garden City, for the appellant.

*William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for the appellee.

The opinion of the court was delivered by

MASON, J.: B. M. McCue and J. W. Hope were the owners of the stock of a corporation. Hope sold his stock to McCue under a written contract which referred to a statement thereto attached, which purported to show the financial condition of the company. McCue brought an action against Hope on the ground that some existing liabilities of the company were not referred to in the statement, the correctness of which had been guaranteed by the defendant. A demurrer to the petition (or to the portion of it relating to this matter) was sustained by the trial court on the ground that the defendant's guaranty did not extend that far. On appeal, the contract was construed as sustaining the plaintiff's contention in this regard. (*McCue v. Hope,* 97 Kan. 85, 154 Pac. 216.) Upon the remanding of the case a jury trial was had, resulting in a verdict and judgment for the defendant. The plaintiff again appeals.

1. A reversal is asked chiefly upon the ground that although the answer (apart from the portion relating to another issue that has no bearing upon the matter) was a mere general denial, the defendant was permitted to introduce evidence tending to show that several errors were made in the statement, as a result of which the condition of the company was made to appear less favorable than accorded with the actual facts, and the jury were by the instructions authorized to give the defendant credit on account of such error. The plaintiff contends that this was an undue enlargement of the issues as presented by the pleadings, by which he suffered prejudice. It is true that the trial might have been facilitated by a detailed statement of the defendant's claims in the answer, but we do not regard the omission as justifying a setting aside of the verdict. The evidence as to all but two of the items on which the defendant claimed credit was withdrawn from the jury. While

the plaintiff objected to a part of this evidence for various reasons, no objection was made, based specifically upon the ground that it referred to matters not pleaded. Had that point been raised at the trial an amendment might have been permitted. No delay to give opportunity to produce further evidence was asked by the plaintiff, and it does not appear that he suffered any substantial prejudice from the fact that the omitted items relied upon by the defendant were not mentioned in the answer.

2. In the course of its charge to the jury the trial court referred to the action as one "for an accounting or to reopen the account and settlement and remake it in accordance with the agreement of the parties." This language is criticised in the plaintiff's brief. It was, however, but a paraphrase of that used in the opinion of this court on the former appeal, where it said:

"It is insisted by the defendant that the case should be treated as an action for relief on the ground of fraud. . . . It is rather an action to open up an account and settlement between the parties, to make a new settlement, and to adjust the rights of the parties under their written agreement." (*McCue v. Hope*, 97 Kan. 85, 87.)

If the plaintiff was to be reimbursed on account of any liabilities of the corporation which were omitted from the statement, it is clearly just that the defendant should be compensated for any corresponding omission on the other side of the account, unless because of his failure to plead them, and as already indicated we do not regard his fault in this respect as fatal.

3. Complaint is made of the withdrawal from the jury of the evidence relating to what the plaintiff regards as an unlisted liability of the corporation. Some lumber appears to have been taken from a tract of land in which the company was interested as an agent, but no legal obligation was shown to rest upon the company with regard to it. Testimony was introduced to the effect that the defendant had promised the plaintiff to share with him any loss in this connection, but that did not tend to establish the existence of a demand against the corporation at the time the statement was made and acted upon, and the court was warranted in excluding the evidence as not within the issues, if it is regarded as tending to show a separate agreement upon the subject.

4. It is contended that the evidence did not warrant the submission to the jury of the items for which the defendant asked credit. One of them was an entry in the statement of $300 as owing by the company to one E. J. Bross. Evidence was given tending to show that this was on account of $300 paid to the company by Bross in a land trade, which was carried in this manner because the deal might not go through; that the transaction was completed and the money (less a commission) retained. This warranted a finding that the company was to that extent better off than the statement indicated. The testimony concerning what is called the Alley matter was not very clear, but was open to this construction: The statement included among the liabilities of the company an item of $1,120 as owing to Alley & Nation; this claim was ill founded and was defeated. In that situation a credit to the defendant on that account was proper.

The judgment is affirmed.